UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


KENNETH BAILEY,

       Plaintiff,                             CASE NO.:

v.

SHAWN T. SWINDELL, in his individual capacity;
and MICHAEL RAMIREZ, in his individual capacity;
and WENDELL HALL, in his official capacity as
SHERIFF OF SANTA ROSA COUNTY, FLORIDA,

       Defendants.

_____/

## DEFENDANT, SHAWN T. SWINDELL'S
## NOTICE OF REMOVAL

       To the Judges of the United States District Court for the Northern District of Florida,

Pensacola Division, Defendant, SHAWN T. SWINDELL, in his individual capacity, by and

through the undersigned counsel, and pursuant to the provisions of 28 U.S.C. §1446, hereby files

this Notice of Removal and states:

       1.  On July 30, 2015, an action was commenced against the above-referenced Defendant in

the Circuit Court of the First Judicial Circuit in and for Santa Rosa County, Florida.  The service

of Summons of the original complaint was affected upon Defendant Shawn T. Swindell on

August 7, 2015.  The remaining Defendants, Michael Ramirez was served August 7, 2015, and

Sheriff Hall was served August 10, 2015.

       2.  The above-styled action as described in the Complaint is a civil action of which this

Court has original jurisdiction under the provisions of 28 U.S.C. §§1331 and 1343, and is one

which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C.

§§1441(b) and 1443, in that Plaintiff, Kenneth Bailey has alleged that Defendant Shawn T. Swindell has violated the Plaintiff's federal statutory or constitutional rights.

3. Specifically, it is alleged in the Complaint that Defendant Shawn T. Swindell violated Plaintiff's rights guaranteed by 42 U.S.C. §1383 and the Fourth and Fourteenth Amendments to the United States Constitution by means of false arrest and excessive use of force against him.

4. This Court also has supplemental jurisdiction of Plaintiff's state law claims raised under §§768.28, 119.01, and 784.0485, Fla. Stat. pursuant to the authority found in 28 U.S.C. §1367.

5. Pursuant to 28 U.S.C. §1446(a), Defendant, Shawn T. Swindell, has filed with this Notice of Removal true and legible copies of Plaintiff's original Complaint and all process, pleadings, or orders on file in the State Court as of the date of this Notice of Removal.

WHEREFORE, Defendant, SHAWN T. SWINDELL, in his individual capacity, respectfully requests that the above action now pending against him in the Circuit Court of the First Judicial Circuit in and for Santa Rosa County, Florida, be removed therefrom to this Court.

Respectfully submitted this _1st_ day of September, 2015.

ANDREWS, CRABTREE, KNOX & ANDREWS, LLP


/s/     Jeannette M. Andrews
Jeannette M. Andrews, FBN: 0352896
1558 Village Square Boulevard, Suite 1
Tallahassee, Florida 32317-2800
850-297-0090 / 850-297-0219 facsimile

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by Florida Courts eFiling Portal this 1st day of September, 2015, to:

C. Phil Hall, Esq.
Keith W. Weidner, Esq.
Taylor Warren & Weidner, P.A.
1823 N. Ninth Avenue
Pensacola, FL 32503

Lisa Truckenbrod, Esq.
Jolly & Peterson
2145 Delta Blvd., Suite 200
Tallahassee, FL 32303

Timothy M. Warner, Esq.
Warner Law Firm, P.A.
P.O. Box 1820
519 Grace Ave.
Panama City, FL 32402

/s/      *Jeannette M. Andrews*

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form shall be filed by the plaintiff or petitioner for the use of the Clerk of the Court for the purpose of reporting judicial workload data pursuant to Florida Statutes section 25.075.

---

## I.    CASE STYLE

IN THE CIRCUIT COURT OF THE <u>FIRST</u> JUDICIAL CIRCUIT,
IN AND FOR <u>SANTA ROSA</u> COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>KENNETH BAILEY</u>
Plaintiff
     vs.
<u>SHAWN T SWINDELL, MICHAEL RAMIREZ, WENDELL HALL</u>
Defendant

---

## II.    TYPE OF CASE

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999
  - ☐ Non-homestead residential foreclosure $250,00 or more
  - ☐ Other real property actions $0 - $50,000

- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more
- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☒ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☒ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☐ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

III. **REMEDIES SOUGHT** (check all that apply):
    ☒ Monetary;
    ☐ Non-monetary
    ☒ Non-monetary declaratory or injunctive relief;
    ☐ Punitive

IV. **NUMBER OF CAUSES OF ACTION: (    )**
    (Specify)

    <u>11</u>

V. **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ Yes
    ☒ No

VI. **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ No
    ☐ Yes – If "yes" list all related cases by name, case number and court:

VII. **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ Yes
    ☐ No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature <u>s/ Charles Philip Hall</u>    FL Bar No.: <u>621145</u>
    Attorney or party                  (Bar number, if attorney)

<u>Charles Philip Hall</u>    <u>07/30/2015</u>
    (Type or print name)                Date

IN THE CIRCUIT COURT IN AND FOR SANTA ROSA COUNTY, FLORIDA

**KENNETH BAILEY,**

      Plaintiff,

vs.                              Case No.:

**SHAWN T. SWINDELL,** in his individual
capacity; and
**MICHAEL RAMIREZ,** in his individual
capacity, AND
**WENDELL HALL,** in his official capacity as
SHERIFF of SANTA ROSA
COUNTY, FLORIDA

      Defendants.

_____/

## COMPLAINT

      Plaintiff, KENNETH BAILEY (hereinafter "Plaintiff") sues Defendant SHAWN T.
SWINDELL (hereafter "Swindell"), Defendant WENDELL HALL, in his official capacity
as Sheriff of Santa Rosa County, Florida (hereinafter "the Sheriff" or "Hall") (collectively
"the Defendants"); and Michael Ramirez (hereafter "Ramirez") and alleges:

## I. INTRODUCTION

1.     This action for damages in excess of Fifteen Thousand Dollars ($15,000.00); for
judicial determination of rights and a writ of mandamus; and for injunctive relief.

2.     The conduct that gives rise to this action took place in Santa Rosa County,
Florida and Okaloosa County, Florida. Each Defendant is a resident of Santa
Rosa County.

3.     With the exception of Counts Eight through Eleven, infra, at all times material
hereto, the acts, omissions, practices and other conduct of the Defendants were
committed under color of state or local law; or were done in the Defendant's
individual or official capacity.

4.    With the exception of Counts Eight through Eleven, infra, at all times material
      hereto the acts and omissions of Defendant Swindell were committed within the
      course and scope of his employment as a Santa Rosa County Sheriff's Deputy.

## II. PARTIES

5.    At all times material hereto, Plaintiff was an adult resident of Santa Rosa County,
      Florida and a citizen of the Unites State of America. Plaintiff is an active duty
      member of the United States Air Force and holds the rank of Staff Sergeant.

6.    Defendants in this action are:

      a.    Defendant Hall who is the Sheriff of Santa Rosa County Sheriff's Office
            ("SRCSO"), Florida and is sued solely in his official capacity; and,

      b.    Defendant Swindell who  is employed as a law enforcement officer with
            the SRCSO and was, with the exception of counts Eight through Eleven,
            acting within the course and scope of his employment and acting under
            color of law as a law enforcement officer.  Defendant Swindell is being
            sued in his individual capacity.

      c.    Defendant Michael Ramirez who is employed as a law enforcement officer
            with the SRCSO and was, with the exception of counts Eight through
            Eleven, acting within the course and scope of his employment and acting
            under color of law as a law enforcement officer.  Defendant Ramirez is
            being sued in his individual capacity

7.    Plaintiff has satisfied all conditions precedent to filing this lawsuit, including those
      imposed by Florida Statutes § 768.28.

## III.  BACKGROUND

8.    Plaintiff knew of Defendant Swindell prior to this incident, in that

      a.    Defendant Swindell was friends with Plaintiff's then-brother-in-law (through
            marriage) Michael Ramirez.  Michael Ramirez is a Santa Rosa County
            Deputy in the SRCSO's corrections division.  Deputy Ramirez is married

to Aime Jane Ramirez, who is the sister of Plaintiff's ex-wife Sherri Ann Rolinger.

b. At some time prior to this incident, Sherri Rolinger and her husband (the Plaintiff) lived with her sister Aime and her husband (Deputy Ramirez). During this time, Plaintiff learned of Deputy Swindell in that the two Deputies were friends and would spend time together. Plaintiff has seen Defendant Swindell at social gatherings hosted by the Ramirezes.

9. Prior to this incident, Plaintiff's family was actively pursuing a formal grievance with the SRCSO against Deputy Ramirez, who is known to be friends with Defendant Swindell, as follows.

a. Approximately three months before this incident, Plaintiff and Sherri Rolinger filed for divorce in June of 2014, and the divorce proceedings had been contentious. The two were required to use child exchange procedures in order to avoid conflict. At one such exchange on July 25, 2014, Sherri Rolinger was accompanied by Deputy Ramirez. Deputy Ramirez was in a SRCSO uniform with a firearm and behaved in a manner perceived as threatening and aggressive at the exchange. Deputy Ramirez followed Plaintiff's mother's vehicle some time after the exchange and acted aggressively towards Plaintiff's mother.

b. Plaintiff's mother drove to the Santa Rosa County Sheriff's Office on July 25, 2014 after the exchange to file a complaint against Deputy Ramirez for showing up at the child exchange armed, in uniform, acting menacingly, and then chasing Plaintiff's mother later that day in his vehicle. In particular:

   i. The Deputies at SRCSO would not take her complaint that day, and she was told to go home and call back later – after waiting for an hour.

   ii. At 7:30 p.m. on July 25, 2014, Plaintiff's mother called the SRCSO again to file a complaint and was told that someone would call her back.

iii.    At 8:30 p.m. on July 25, 2014, Deputy Ramirez's supervisor called Plaintiff's mother back and indicated, after she relayed what had happened, that it would be her word verses Deputy Ramirez's word, and the most that would happen would be a verbal reprimand. The SRCSO deputy supervisor indicated that Plaintiff's mother could not file a formal written complaint.

iv.    At 9:00 p.m. on July 25, 2014, the same SRCSO deputy supervisor called the Plaintiff's mother again and advised her that he was wrong, and that she could file a formal written complaint – he was unaware of the process.

v.    Plaintiff's mother had been communicating with Defendant Hall about the complaint against Deputy Ramirez up until two days before the incident made the basis of this action.

## IV. INCIDENT

10.    On September 11, 2014 at 9:30 PM, Plaintiff was located inside his parent's home situated on private property located on 5384 Kincheon Street, Milton, Florida; and this property is within the jurisdiction of the City Of Milton Police Department.

11.    Plaintiff was in the middle of a contentious divorce with his then spouse Sherri Ann Rolinger.  Sherri Ann Rolinger is currently employed as a Corrections Deputy with the SRCSO.

12.    At that time and place, Defendant Swindell entered onto the Kincheon Street property in order to initiate a citizen encounter[1] with the Plaintiff. Defendant Swindell was wearing a SRCSO uniform, patrol belt, and firearm and was driving

---

[1]  Santa Rosa County Sheriff's Office General Order M-002, subsection XIV, paragraph D states, "Citizen Contacts: A deputy may, at anytime, request to talk to a citizen as long as the encounter is with the citizen's consent and the citizen is aware of his or her freedom to leave."

a patrol vehicle with SRCSO markings. Defendant Swindell walked onto the property and up to the front door where he preceded to knock on the front door to the home. Plaintiff's family member responded to the knocking and answered the door. Defendant Swindell asked for the Plaintiff.

13. Plaintiff responded and came to the door to speak to Defendant Swindell. At that time, Plaintiff recognized Defendant Swindell.

14. Plaintiff came to the door and walked outside to speak with Defendant Swindell.

15. Plaintiff was located on the porch in front of the house and Defendant Swindell was located in the yard – a few feet from the porch and directly in front of the Plaintiff. Two members of Plaintiff's family[2] also came to the door so that they could observe and listen to the exchange between Plaintiff and Defendant Swindell.

16. Defendant Swindell immediately appeared angry, acted aggressively, and demanded that Plaintiff walk out to his car located in the street so he could ask him some questions. Plaintiff advised that he was not comfortable walking out to his car with him, and that if he wanted to ask him some questions, that he would be willing to speak with him right there (on the porch).

17. Defendant Swindell became more angry and yelled at Plaintiff's family members to go inside the house. Plaintiff advised Defendant Swindell that he would prefer to have his family present so that there would be witnesses to the conversation. Defendant Swindell responded with, "How old are you dude?"

18. Defendant Swindell again requested the Plaintiff to walk down from the porch to Defendant Swindell's patrol car to ask him some questions.

19. Plaintiff asked Defendant what "this was about" wherein Defendant Swindell refused to answer the Plaintiff. Plaintiff asked if he was under arrest, wherein Defendant Swindell did not say that he was. Plaintiff expressly and unambiguously refused Defendant Swindell's request to be isolated and interrogated.

---

[2] Plaintiff's mother and brother were present.

20. Defendant Swendell knew that at this point of the citizen contact, there was no evidence that a crime had been committed and that Plaintiff was unwilling to speak to him.

21. Plaintiff terminated the citizen contact with Defendant Swindell. Plaintiff stated that if Defendant Swindell was unwilling to tell him why he was there or what he wanted to ask that he was going inside. After Plaintiff announced his intention of going inside, he turned around and began to walk back into the residence. He made it through the threshold of the door and before he could close the door, Defendant Swindell charged at Plaintiff and seized him in order to arrest him.

22. The initial physical contact used by Defendant Swindell consisted of Swindell hitting Plaintiff in the back of the head while Plaintiff was inside his house and facing away from Defendant Swindell.

23. After Defendant Swindell hit Plaintiff in the back of the head, the momentum of Defendant's charge pushed the two of them inside the home. Defendant Swindell then deployed his taser at Plaintiff, but Defendant Swindell missed aim and the taser missed the Plaintiff. Defendant Swindell then threw the Plaintiff to the ground and began to punch the Plaintiff about the head, neck, arms and hands. Defendant Swindell then repeatedly began punching Plaintiff's hand over and over again. Defendant Swindell then took his taser and placed it in Plaintiff's hands and drew his firearm and pointed at Plaintiff's head and started screaming, "Stop resisting."

24. Plaintiff's father heard the screaming and came out of his bedroom into the living room to investigate the commotion and possibly defend his home and family from what he believed to be an intruder. Plaintiff's father saw Defendant Swindell with his firearm to the back of Plaintiff's head and believed that Defendant Swindell was going to execute his son. Defendant Swindell and Plaintiff's father exchanged words wherein Plaintiff's father retreated back in the bedroom once he learned that law enforcement was involved.

25. Defendant Swindell placed Plaintiff in a choke hold and began choking the Plaintiff until backup deputies arrived.

26. The Plaintiff was placed in handcuffs while in his living room. Defendant Swindell led Plaintiff out of the house toward Defendant Swindell's patrol car.

27. While being walked out to the patrol car in handcuffs, a neighbor observed Defendant Swindell slam Plaintiff's face into the car multiple times, although Plaintiff was not resisting. After Plaintiff was slammed into the car, Defendant Swindell said out loud, for the benefit of those who just saw this, "Stop resisting."

28. Defendant placed the Plaintiff into the back of the patrol car and closed the door. While Plaintiff was in the patrol car, Plaintiff observed some of the SRCSO deputies on the scene congregate nearby, and he heard parts of the conversation between the deputies. He heard the SRCSO deputies discuss his divorce, mentioned Aime by first name, and Deputy Ramirez's name came up multiple times.

29. Plaintiff was ultimately taken to the SRCSO jail, booked into the jail, and charged with a crime.

30. While Plaintiff was in the jail,

    a. Plaintiff asked the detention deputies several times what he was being charged with wherein he was told, "I don't know. We will let you know when we figure it out." Plaintiff was told that he could not call his lawyer until after they figured out what to charge him with.

    b. Several detention deputies made it a point to come up to Plaintiff's cell to speak to each other in his presence (but not directly to the Plaintiff), and indicate to each other that they knew who the Plaintiff was, that they knew Deputy Ramirez, and they discussed the Plaintiff's ongoing divorce.

    c. A jail nurse asked him if he was injured and the Plaintiff stated that he was. The nurse asked Plaintiff to digitally sign an intake form wherein Plaintiff asked what it was that he was signing. The nurse said it was a description of the information he just provided her. The Plaintiff then asked the nurse to see the screen, wherein he saw the nurse had lied and indicated in the chart that he was not injured. The nurse responded that

she did not know how to change the information, and that due to a shift change, the new nurse would have to fix it.

 d. Later during his incarceration, Plaintiff was asked to sign other documents, but SRCSO's detention deputies refused to let him see the contents of the documents he was forced to sign.

31. Plaintiff remained in jail until he bonded out.

32. After Plaintiff bonded out, he immediately went to the emergency room in order to receive treatment for the injuries Plaintiff received when Defendant Swindell seized and arrested Plaintiff.

33. While at the emergency room, Plaintiff was diagnosed with a neck injury, a herniated disc, acute back pain, and a brachial plexus injury. Plaintiff called the Milton City Policy Department and reported that he had been assaulted and battered by Defendant Swindell.

34. After bonding out of jail, Plaintiff had an opportunity to review Defendant Swindell's offense report or arrest report. Defendant Swindell's reports contained false allegations.

35. Defendant Swindell forwarded his arrest affidavit or offense report to the State Attorney's office. The State Attorney's office prosecuted the Plaintiff for approximately 45 days. Plaintiff hired a criminal defense lawyer to defend himself from the prosecution initiated by Defendant Swindell.

36. On October 23, 2014, the State Attorney's office announced a *nolle prosequi* as to the charges alleged by Defendant Swindell; and a "No Prosecution" was also filed. All criminal charges placed against Plaintiff were resolved in Plaintiff's favor.

37. As a direct and proximate result of Defendant Swindell's conduct, Plaintiff suffered

 a. bodily injury and resulting pain and suffering, disability, disfigurement, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and aggravation of previously existing

medical conditions; and these losses are permanent or continuing, and the Plaintiff will suffer said losses in the future; and

b.  embarrassment, humiliation, damage to his reputation, loss of personal freedom, and monetary losses related to defending criminal charges brought against him and fees to secure bail.

38.  Plaintiff has hired the undersigned attorney to prosecute this action and has become obligated to pay reasonable fees and costs.

## COUNT ONE - DEFENDANT SWINDELL
## FALSE ARREST: FOURTH AND FOURTEENTH AMENDMENTS
## VIOLATION UNDER 42 U.S.C. §1983

39.  Plaintiff adopts and realleges paragraphs 1 - 38 as though fully set out herein.

40.  Plaintiff asserts Count One of this action is brought against Defendant Swindell in his individual capacity.

41.  Defendant Swindell seized Plaintiff within the meaning of the Forth Amendment when Swindell ran up to Plaintiff while his back was turned and hit him in the back of the head, threw him to the ground, punched him repeatedly about the head, neck, arms and hands, placed a loaded firearm to the back of his head, placed him in a choke hold, placed handcuffs on him, slammed him into his patrol car, charged him with a crime and booked him into the jail.

42.  At the time Defendant Swindell seized Plaintiff, Defendant did not have probable cause, or even arguable probable cause, to seize Plaintiff. Defendant Swindell did not have a reasonable belief that Plaintiff had committed a crime in that he was still waiting for Plaintiff's ex-wife to make a report and thus had no lawful authority to put his hands on Plaintiff.

43.  Defendant Swindell's arrest and seizure of Plaintiff violated the Fourth Amendment. Defendant Swindell 's conduct was deliberately indifferent to Plaintiff's clearly established rights.

44.     No objectively reasonable officer, in Defendant Swindell's situation, could believe
        there was even arguable probable cause to seize Plaintiff such that Defendant
        Swindell is not entitled to qualified immunity for his actions.

45.     In the course of seizing Plaintiff, Defendant Swindell used an unreasonable
        amount of force which permanently injured Plaintiff.

46.     As a direct, proximate and foreseeable result of the acts and omissions of
        Defendant Swindell, Plaintiff suffered injuries and damages as set forth more fully
        above.

        WHEREFORE, Plaintiff prays that the Court:

A.      Award Plaintiff judgment against Defendant Swindell for actual compensatory
        damages in an amount to be determined at trial;

B.      Award Plaintiff judgment against Defendant Swindell for appropriate punitive
        damages in an amount to be determined at trial;

C.      Award costs, expenses, and reasonable attorneys' fees pursuant to
        42 U.S.C. § 1988;

D.      Grant such other and further relief as this Court deems equitable and just; and

E.      A trial by jury.

## COUNT TWO - DEFENDANT SWINDELL
## EXCESSIVE FORCE: FOURTEENTH AMENDMENT
## VIOLATION UNDER 42 U.S.C. §1983

47.     Plaintiff adopts and realleges paragraphs 1 - 38 as though fully set out herein.

48.     Plaintiff asserts Count Two of this action against Defendant Swindell in his
        individual capacity.  Count II is plead in the alternative to all other Counts.

49.     The Fourteenth Amendment prohibits the unreasonable use of force by a law
        enforcement officer when making an arrest even if that law enforcement officer
        has the lawful authority to seize an individual.

50.     Assuming Defendant Swindell had the lawful authority to seize Plaintiff, the force
        he used in doing so was clearly excessive.

51. At all times material, Plaintiff did not actively or passively resist Defendant Swindell's efforts to arrest Plaintiff.

52. The use of force by Defendant Swindell was blatantly excessive and deprived Plaintiff of his Fourteenth Amendment right to be free from force which was unreasonable under the circumstances.

53. Defendant Swindell could have easily taken Plaintiff into custody without force and without causing Plaintiff's injuries.

54. Defendant Swindell 's conduct was deliberately indifferent to Plaintiff's clearly established rights.

55. No objectively reasonable officer, in the same situation as Defendant Swindell, could believe that the force used against Plaintiff was not excessive such that Defendant Swindell is not entitled to qualified immunity for his actions.

56. As a direct, proximate and foreseeable result of the acts and omissions of Defendant Swindell as alleged above, Plaintiff suffered bodily injuries and resulting pain and suffering, mental anguish, damage to his reputation, fear, humiliation, distress, pain and suffering, mental anguish, loss of enjoyment of life, expenses of medical care and treatment, lost wages and diminished future earning capacity. These injuries and losses are permanent and continuing and Plaintiff will suffer such losses in the future.

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief on Plaintiff's civil rights claim for excessive force brought pursuant to 42 U.S.C. §1983 and §1988:

A.   Judgment for compensatory damages against Defendant Swindell;

B.   Punitive damages against Defendant Swindell;

C.   Judgment for attorney's fees pursuant to 42 U.S.C. §1988, together with the costs and expenses of this civil action;

D.   A trial by jury on all issues so triable; and

E.   Such other and further relief that this Court may deem just, proper and appropriate.

## COUNT THREE
## STATE LAW CLAIM FOR BATTERY - DEFENDANT HALL

57.  Plaintiff adopts and realleges paragraphs 1 - 7, 10, 14-21, 26, 29, 31-32, 36-38 as though fully set out herein.

58.  Plaintiff asserts this Count against Defendant Hall in his official capacity as Sheriff of Santa Rosa County, Florida.

59.  Defendant Swindell's conduct, as alleged herein, was intentional but was not willful, wanton, or malicious. Defendant Swindell's conduct was committed within the course and scope of his employment as a deputy sheriff with the Santa Rosa County Sheriff's Office.

60.  Defendant Swindell's conduct, as alleged herein, constituted an intentional, offensive and unprivileged touching on the Plaintiff's person.

61.  Defendant Hall is responsible for the battery committed by Defendant Swindell upon Plaintiff, in that the civil battery was intentional, but not malicious, and was committed in the course and scope of Defendant Swindell's employment with Defendant Hall, such that the doctrine of *respondeat superior* applies to this action.

62.  As a direct, proximate and foreseeable result of the acts and omissions of Defendant Swindell, Plaintiff has suffered bodily injury and resulting pain and suffering, disability, disfigurement, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and aggravation of previously existing medical conditions; and these losses are permanent or continuing, and the Plaintiff will suffer said losses in the future.

WHEREFORE, Plaintiff demands a judgment against Defendant Hall for compensatory damages; costs of this action; and a trial by jury.

**COUNT FOUR**
**STATE LAW CLAIM FOR FALSE ARREST - DEFENDANT HALL**

63. Plaintiff adopts and realleges paragraphs 1 - 7, 10, 14-21, 26, 29, 31-32, 36-38 as though fully set out herein.

64. Plaintiff asserts this Count against Defendant Hall in his official capacity as Sheriff of Santa Rosa County, Florida.

65. Defendant Swindell's conduct, as alleged herein, was committed within the course and scope of his employment as a deputy sheriff with the Santa Rosa County Sheriff's Office.

66. Defendant Swindell's conduct was intentional but was not willful, wanton, or malicious.

67. Defendant Swindell's seizure and arrest of the Plaintiff without a warrant and without probable cause constitute the tort of false arrest.

68. Defendant Hall is responsible for the false arrest committed by Defendant Swindell upon Plaintiff, in that the tortious conduct was intentional, but not malicious and was committed in the course and scope of Defendant Swindell's employment with Defendant Hall, such that the doctrine of *respondeat superior* applies to this action.

69. As a direct and proximate result of Defendant Swindell's false arrest of the Plaintiff, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and aggravation of previously existing medical conditions; and these losses are permanent or continuing, and the Plaintiff will suffer said losses in the future; and he suffered embarrassment, humiliation, damage to his reputation, loss of personal freedom, and monetary losses related to defending criminal charges brought against him.

WHEREFORE, Plaintiff demands a judgment against Defendant Hall for compensatory damages; costs of this action; and a trial by jury.

## COUNT FIVE
## STATE LAW CLAIM FOR FALSE ARREST - DEFENDANT SWINDELL

70. Plaintiff adopts and realleges paragraphs 1 - 38 as though fully set out herein.

71. Plaintiff asserts this Count against Defendant Swindell in his individual capacity.

72. Defendant Swindell's seizure and arrest of the Plaintiff without a warrant and without probable cause was intentional, willful, wanton, unreasonable; he denied Plaintiff his personal liberty against Plaintiff's will, and it constituted the tort of false arrest and imprisonment.

73. Defendant Swindell's conduct was intentional, malicious and was committed in bad faith to the detriment of the health, safety and welfare of Plaintiff.

74. As a direct and proximate result of Defendant Swindell's false arrest of the Plaintiff, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and aggravation of previously existing medical conditions; and these losses are permanent or continuing, and the Plaintiff will suffer said losses in the future; and he suffered embarrassment, humiliation, damage to his reputation, loss of personal freedom, and monetary losses related to defending criminal charges brought against him.

WHEREFORE, Plaintiff demands a judgment against Defendant Swindell for compensatory and punitive damages; costs of this action; and a trial by jury.

## COUNT SIX
## STATE LAW CLAIM FOR BATTERY - DEFENDANT SWINDELL

75. Plaintiff adopts and realleges paragraphs 1 - 38 as though fully set out herein.

76. Plaintiff asserts this Count against Defendant Swindell in his individual capacity.

77. Defendant Swindell's conduct, as alleged herein, was a state law battery in that it constituted offensive and unprivileged touching on the Plaintiff's person.

78. Defendant Swindell's conduct was intentional, malicious and was committed in bad faith to the detriment of the health, safety and welfare of the Plaintiff.

79.     As a direct, proximate and foreseeable result of the acts and omissions of
        Defendant Swindell, Plaintiff has suffered bodily injury and resulting pain and
        suffering, disability, disfigurement, loss of capacity for the enjoyment of life,
        expense of hospitalization, medical and nursing care and treatment, and
        aggravation of previously existing medical conditions; and these losses are
        permanent or continuing, and the Plaintiff will suffer said losses in the future.
        WHEREFORE, Plaintiff demands a judgment against Defendant Swindell for
compensatory and punitive damages; costs of this action; and a trial by jury.

## COUNT SEVEN
## FAILURE TO PRODUCE PUBLIC RECORDS - DEFENDANT HALL

80.     This is an action to enforce the provisions of Florida's Public Records Act,
        Chapter 119.01, *et seq*.; for judicial determination of the rights at issue under the
        Public Records Act; a petition for a writ of mandamus to compel the production of
        public records[3] pursuant to the Public Records Act; and for an accelerated
        hearing on this issue.

81.     Defendant Hall is the Sheriff of Santa Rosa County, Florida and is sued solely in
        his official capacity.

82.     Santa Rosa County Sheriff's Office is an Agency subject to the Public Records
        Act.

83.     Defendant Hall is the custodian of public records for Santa Rosa County Sheriff's
        Office.

84.     On November 17, 2014, Plaintiff, by way of his attorney, made the following
        request for public records to Defendant Hall:

        If you consider any requested information to be exempt from
        production you must delete or excise the portion of the document you
        consider exempt while producing the remainder and you must state the basis
        of the exemption which you contend applies to the record "including the

---

[3] As used here, "agency", "custodian of public records", "duplicated copies",
"exemption", and "public records" are defined by Section 19.011, Florida Statutes.

statutory citation to an exemption created or afforded by statute" and, by our request hereby, you must also state in writing and with particularity the reasons for your conclusion that the record is exempt.

\* \* \* \* \*

Subject to the above, you are hereby required to produce the following documents or to state a specific objection, including reference to statutory law, as to any documents you consider exempt with regard to the referenced incident:

1.  Santa Rosa County Sheriff's Office (SRCSO) files[4] maintained on the following deputies:

    a.  Deputy Shawn T. Swindell (ID 136)
    b.  Deputy Magdalany (ID 101)
    c.  Deputy Ramirez (ID unknown)
    d.  Deputy Sergeant Zawawi (ID unknown)

2.  SRCSO's policies/procedure or general orders that were in effect in September 2014 which instruct Santa Rosa County Deputies on the following topics:

    a.  Discipline for violating a general order or the criminal law;
    b.  Use of force;
    c.  Deployment of a taser
    d.  Voluntary encounters with citizens (citizen encounters);
    e.  Warrantless Arrests;
    f.  Avoiding the appearance of, or actual, intimidation of Citizens;
    g.  Receiving citizens' oral or written complaints against SRCSO personnel and what action should be taken when a an officer receives such a complaint
    h.  Investigation of, and action taken on, a citizen's complaint that alleges officer misconduct;
    I.  How the Santa Rosa County Internal Affairs Division (i.e., internal affairs) is structured and their methods of investigation and reporting;
    j.  Early Warning systems or systems used to detect at risk officers; and

---

[4] The term "files" as used in this request, includes all patrol level, shift level, personnel, human resources, discipline, internal affairs, investigation, or any other manner of record keeping, regardless how it has been designated by SRCSO. (*In the original request, this was Footnote 1*).

k.      Document retention gridlines concerning retention, disposal, and location of citizens' complaints made against deputies.

3.      For the period September 10, 2014 at 12:01 a.m through September 12, 2014 at 11:59 p.m., All CAD records, non-computerized dispatch records, or other such documents or files that reflect the reported locations for the following deputies:

   a.   Deputy Shawn T. Swindell (ID 136)
   b.   Deputy Magdalany (ID 101)
   c.   Deputy Ramirez (ID unknown)
   d.   Deputy Sergeant Zawawi (ID unknown)

4.      Any report, investigation report, or other such document or file regarding any citizens' complaints made against the following deputies:

   a.   Deputy Swindell (ID 136)
   b.   Deputy Magdalany (ID 101)
   c.   Deputy Sergeant Zawawi
   d.   Deputy Ramirez

5.      Any report, files, or documents generated by the Santa Rosa County Sheriff's Department Internal Affairs department which relate to the following deputies:

   a.   Deputy Swindell (ID 136)
   b.   Deputy Magdalany (ID 101)
   c.   Deputy Sergeant Zawawi
   d.   Deputy Ramirez

6.      All documents or files which reference any counseling or discipline administered against the following deputies:

   a.   Deputy Swindell (ID 136)
   b.   Deputy Magdalany (ID 101)
   c.   Deputy Sergeant Zawawi
   d.   Deputy Ramirez

7.      For the period July 24, 2014 through September 30, 2014, electronic communication, electronic mail, text message or instant messaging (including, but not limited to, cell phones, in-car or out-of-car computers, etc. or logs thereof) sent by, or received by, the following deputies:

     a.     Deputy Swindell (ID 136)
     b.     Deputy Magdalany (ID 101)
     c.     Deputy Sergeant Zawawi
     d.     Deputy Ramirez

8.     Any data, reports or other such documents or files regarding the following information during the period 2011 to present:

     a.     Total number of complaints the Santa Rosa County Sheriff received concerning officer misconduct (broken down by year if available)

     b.     The total number of complaints investigated by the Santa Rosa County Sheriff's Department's Internal affairs division (broken down by year if available);

     c.     The final disposition of those complaints whether it be a finding of "sustained" for misconduct, "unsustained for misconduct" or any other variant (broken down by year if available)

     d.     Any report generated by any system or application which monitors trends or data concerning detecting at risk officers;

     e.     Whether the Santa Rosa County Sheriff's Department is supervising its officers to endure they are not engaged in misconduct.

85.     Defendant Hall received the November 17, 2014 public records request by Certified Mail on November 18, 2014; and Plaintiff prepaid all costs requested by the Agency for the public records.

86.     Defendant Hall responded to the public records request on December 5, 2014. In his response, Defendant Hall stated, "We are in receipt of, and thank you for, your check in the amount of $163.78 for the enclosed documents. If you have any questions or need additional information, please contact me at 850/983-1207."; and he provided duplicated copies of <u>only a portion</u> of the requested public records, and failed or refused to provide other portions of the requested public records.

87.     As regarding the public records he did not provide, Defendant Hall did not state a specific objection, including reference to statutory law, as to any requested documents considered exempt, as he was required to do pursuant to Section 119.07(1)(e) and (f). More specifically, Defendant Hall did not provide:

a.   The internal affairs or investigation file requested by paragraph 1 of the public records request;

b.   The information requested by paragraph 2 h-k of the public records request;

c.   The information requested by paragraph 5 of the public records request;

d.   The information requested by paragraph 7 of the public records request;

e.   The information requested by paragraph 8 of the public records request.

88.   Plaintiff is entitled to an accelerated hearing on this issue pursuant to Section 119.11, Florida Statutes.

WHEREFORE, respectfully requests this Court to determine the rights at issue under the Public Records Act; to issue writ of mandamus compelling Defendant Hall to immediately produce the requested public records pursuant to the Public Records Act; and to award Plaintiff's attorney his reasonable fees pursuant to Section 119.12, Florida Statues.

## COUNT EIGHT
### INJUNCTIVE RELIEF - STALKING - SHAWN T. SWINDELL

89.   On June 26, 2015, Plaintiff was leaving his place of work, in Okaloosa County, Florida, in his vehicle. Immediately after entering a public highway, Defendant Swindell drove his personal vehicle behind Plaintiff's vehicle.

90.   Defendant Swindell was chasing Plaintiff in his personal car and "riding the bumper" of Plaintiff's vehicle. Plaintiff knows Defendant Swindell's personal car because he has seen it drive past his mother's house many times.

91.   Defendant Swindell then speed up next to Plaintiff and drove alongside of Plaintiff when he began making aggressive gestures at the Plaintiff with his hands and face.

92.   Defendant Swindell was operating his personal vehicle in a menacing and threatening manner which made Plaintiff fear that Defendant Swindell was going to ram him from behind or run him off the road.

93.   Thereafter, Defendant Swindell sped off ahead of Plaintiff.

94. Immediately after Defendant Swindle sped off, Defendant Michael Ramirez appeared behind the Plaintiff in his personal vehicle.

95. Defendant Ramirez started chasing Plaintiff in his personal car and "riding the bumper" of Plaintiff's vehicle. Plaintiff knows Defendant Ramirez's personal car because he used to live with Defendant Ramirez and was for a time related by marriage.

96. Defendant Ramirez then speed up next to Plaintiff and drove alongside of Plaintiff when he began making aggressive gestures at the Ramirez with his hands and face. Defendant Ramirez "flipped a bird" at Plaintiff.

97. Defendant Ramirez was operating his personal vehicle in a menacing and threatening manner which made Plaintiff fear that Defendant Ramirez was going to ram him from behind or run him off the road.

98. Defendant Swindell's and Defendant Ramirez's conduct appeared to be a coordinated attack on Plaintiff.

99. Neither Defendant Ramirez nor Defendant Swindell were wearing police uniforms or had any markings or tools to make one believe they were acting under color of law or in the course and scope of their employment as law enforcement officer during the June 26, 2015 event.

100. This is a action for injunctive relief under Section 784.0485, Florida Statutes, against Swindell as a private citizen.

101. At all times material, Plaintiff and Defendant Swindell were adult residents of Santa Rosa County, Florida.

102. Plaintiff is the petitioner for this injunctive relief, and Defendant Swindell is the respondent.

103. Defendant Swindell engaged in stalking the Plaintiff[5] through a course of conduct directed at the Plaintiff by willfully, maliciously, and repeatedly following and harassing the Plaintiff; driving by his house or his mother's house when Plaintiff

---

[5] As used here, the terms "stalking", "harass", "course of conduct" and "credible threat" as defined by Section 784.048, Florida Statues.

was staying there, or following Plaintiff home from work. Swindell's course of conduct caused substantial emotional distress to the Plaintiff and which served no legitimate purpose; and such conduct posed a credible threat to the Plaintiff by creating a reasonable fear for his safety or the safety of his family members or individuals closely associated with the Plaintiff.

104. Swindell's conduct of stalking the Plaintiff took place in both Santa Rosa and Okaloosa Counties, Florida.

105. Plaintiff is the the victim of Swindell's stalking, and he brings this cause of action for an injunction against Swindell pursuant to Section 784.0485, Florida Statutes, by submitting this sworn petition for an injunction for protection against stalking by Swindell:


STATE OF FLORIDA
COUNTY OF ESCAMBIA

Before me, the undersigned authority, personally appeared Petitioner Kenneth Bailey, who has been sworn and says that the following statements are true:

1. Petitioner resides at:
   5384 Kincheon Street
   Milton, Florida 325702

2. Respondent resides at:
   5862 Quietwood Drive
   Milton, Florida 32583

3. Respondent's last known place of employment:
   Santa Rosa County Sheriff's Office
   5755 East Milton Road
   Milton, Florida 32583

4. Physical description of respondent:

5. Race: White

6. Sex: Male

7. Date of birth: Unknown

8.     Height: Approx 5' 9"

9.     Weight: 185

10.    Eye color: Brown

11.    Hair color: Bald

12.    Distinguishing marks or scars:
       Tribal tattoo right shoulder down through biceps and elbow;
       tribal band left bicep;

13.    Aliases of respondent:     Unknown

There is another cause of action alleged against Swindell which as been filed in Santa Rosa County, Florida. I am making an attempt to obtain an injunction against another person for protection against for stalking in this circuit.

I have been a victim of stalking because Swindell has previously threatened, harassed, and stalked me.

I am seeking an injunction: 1) Restraining the respondent from committing any acts of stalking; and 2) Providing any terms the court deems necessary for the protection of a victim of stalking, including any injunctions or directives to law enforcement agencies.

I HAVE READ EVERY STATEMENT MADE IN THIS PETITION AND EACH STATEMENT IS TRUE AND CORRECT. I UNDERSTAND THAT THE STATEMENTS MADE IN THIS PETITION ARE BEING MADE UNDER PENALTY OF PERJURY, PUNISHABLE AS PROVIDED IN SECTION 837.02, FLORIDA STATUTES.

_____
Kenneth Bailey

STATE OF FLORIDA
COUNTY OF ESCAMBIA

The foregoing instrument was acknowledged before me this 30th day of July, 2015, by Kenneth Bailey who is personally known to me and who did take an oath.

(Seal)

Notary Public **KENT WALKER STOLTZ**
**Notary Public State of FL**
Printed Name of Notary Public **Comm. Exp. June 22, 2017**
My Commission Expires: **Comm. No. FF 4755**

106. As alleged in Counts 1, 2, 5, and 6, of this Complaint above, there is another cause of action being alleged against Swindell.

WHEREFORE, the Plaintiff respectfully requests the Court to enter an order enjoining Swindell from stalking the Plaintiff by restraining Swindell from committing any acts of stalking; and providing any terms the court deems necessary for the protection of a victim of stalking, including any injunctions or directives to law enforcement agencies.

## COUNT NINE
## INJUNCTIVE RELIEF - STALKING - MICHAEL RAMIREZ

107. Plaintiff incorporates by reference, as if fully set out herein, paragraphs (8)-(9), and (89)-(99).

108. This is a action for injunctive relief under Section 784.0485, Florida Statutes, against Defendant Michael Ramirez (hereafter "Ramirez") as a private citizen; and the acts alleged here were not committed within the course and scope of Ramirez's employment as a Santa Rosa County Sheriff's Deputy.

109. At all times material, Plaintiff and Ramirez were adult residents of Santa Rosa County, Florida.

110. Plaintiff is the petitioner for this injunctive relief, and Ramirez is the respondent.

111.    On one or more dates before, on, and after June 26, 2015, Ramirez engaged in stalking the Plaintiff[6] through a course of conduct directed at the Plaintiff by willfully, maliciously, and repeatedly following and harassing the Plaintiff; and Ramirez's course of conduct caused substantial emotional distress to the Plaintiff and which served no legitimate purpose; and such conduct posed a credible threat to the Plaintiff by creating a reasonable fear for his safety or the safety of his family members or individuals closely associated with the Plaintiff.

112.    Ramirez's conduct of stalking the Plaintiff took place in both Santa Rosa and Okaloosa Counties, Florida.

113.    Plaintiff is the the victim of Ramirez's stalking, and he brings this cause of action for an injunction against Ramirez pursuant to Section 784.0485, Florida Statutes, by submitting this sworn petition for an injunction for protection against stalking by Ramirez:


STATE OF FLORIDA
COUNTY OF ESCAMBIA
        Before me, the undersigned authority, personally appeared Petitioner Kenneth Bailey, who has been sworn and says that the following statements are true:

        1.      Petitioner resides at:
                5384 Kincheon Street
                Milton, Florida 32570.

        2.      Respondent resides at:
                7035 Tylerwood Court
                Milton, Florida 32570

        3.      Respondent's last known place of employment:
                Santa Rosa County Sheriff's Office
                5755 East Milton Road
                Milton, Florida 32583
        4.      Physical description of respondent:

---

[6] As used here, the terms "stalking", "harass", "course of conduct" and "credible threat" as defined by Section 784.048, Florida Statues.

5.	Race: White

6.	Sex: Male

7.	Date of birth: March 21, 1985

8.	Height: Unknown

9.	Weight: Unknown

10.	Eye color: Brown

11.	Hair color: Black

12.	Distinguishing marks or scars: None known.

13.	Aliases of respondent: Mike Ramirez; Mikey Ramirez

I am not aware of another cause of action alleged against Ramirez. I am making an attempt to obtain an injunction against another person for protection against for stalking in this circuit.

I have been a victim of stalking because Ramirez has previously threatened, harassed, and stalked me.

I am seeking an injunction: 1) Restraining the respondent from committing any acts of stalking; and 2) Providing any terms the court deems necessary for the protection of a victim of stalking, including any injunctions or directives to law enforcement agencies.

I HAVE READ EVERY STATEMENT MADE IN THIS PETITION AND EACH STATEMENT IS TRUE AND CORRECT. I UNDERSTAND THAT THE STATEMENTS MADE IN THIS PETITION ARE BEING MADE UNDER PENALTY OF PERJURY, PUNISHABLE AS PROVIDED IN SECTION 837.02, FLORIDA STATUTES.

_____
Kenneth Bailey

STATE OF FLORIDA
COUNTY OF ESCAMBIA

    The foregoing instrument was acknowledged before me this _3<u>0</u>TH_
day of July, 2015, by Kenneth Bailey who is personally known to me and
who did take an oath.

(Seal)

Notary Public     **KENT WALKER STOLTZ**
               **Notary Public State of FL**
               **Comm. Exp. June 22, 2017**
Printed Name of Notary Public **Comm No. FF 4755**
My Commission Expires: _____

114.   As alleged in Count 11, below, there is one other cause of action being alleged
      against Ramirez.

      WHEREFORE, the Plaintiff respectfully requests the Court to enter an order
enjoining Ramirez from stalking the Plaintiff by restraining Ramirez from committing any
acts of stalking; and providing any terms the court deems necessary for the protection
of a victim of stalking, including any injunctions or directives to law enforcement
agencies.

**COUNT TEN**
**COMMON LAW ASSAULT - SWINDELL**

115.   This is a action for damages against Swindell as a private citizen; and the acts
      alleged here were not committed within the course and scope of Swindell's
      employment as a Santa Rosa County Sheriff's Deputy.

116.   Plaintiff incorporates by reference, as if fully set out herein, paragraphs (8)-(9),
      and (89)-(99).

117.   The actions alleged herein against Swindell occurred on, about, or after June 26,
      2015

      a.    on U.S. Highway 98 in Okaloosa County; Florida;

      b.    on U.S. Highway 98 in Santa Rosa County, Florida; and

      c.    on Santa Rosa County Highway 87 in Santa Rosa County Florida

118. Swindell operated his motor vehicle in a menacing and dangerous manner intentionally and unlawfully in order to make Plaintiff apprehend immediate, harmful or offensive contact or corporal injury by force. Defendant's conduct, directed at the Plaintiff created a reasonable fear of imminent peril, coupled with the apparent present ability to effectuate the attempt.

119. Swindell's actions directed towards the Plaintiff were done overtly and sufficiently to demonstrate a threat at the Plaintiff.

120. As a direct and proximate result of Swindell's assult, the Plaintiff was injured, including but not limited to, fear and apprehension, the loss of his dignity, being humiliated, and the loss of his legal right to the peaceful security of his person.

WHEREFORE, Plaintiff demands a judgment for damages against Swindell; and a trial by jury.

### COUNT ELEVEN
### COMMON LAW ASSAULT - RAMIREZ

121. This is a action for damages against Ramirez as a private citizen; and the acts alleged here were not committed within the course and scope of Ramirez's employment as a Santa Rosa County Sheriff's Deputy.

122. Plaintiff incorporates by reference, as if fully set out herein, paragraphs (8)-(9), and (89)-(99).

123. The actions alleged herein against Ramirez occurred on, about, or after June 26, 2015

    a. on U.S. Highway 98 in Okaloosa County; Florida;

    b. on U.S. Highway 98 in Santa Rosa County, Florida; and

    c. on Santa Rosa County Highway 87 in Santa Rosa County Florida

124. Ramirez operated his motor vehicle in a menacing and dangerous manner intentionally and unlawfully in order to make Plaintiff apprehend immediate, harmful or offensive contact or corporal injury by force. Defendant Ramirez's conduct, directed at the Plaintiff created a reasonable fear of imminent peril, coupled with the apparent present ability to effectuate the attempt.

125.	Ramirez's actions directed towards the Plaintiff were done overtly and sufficiently to demonstrate a threat at the Plaintiff.

126.	As a direct and proximate result of Ramirez's assault, the Plaintiff was injured, including but not limited to, fear and apprehension, the loss of his dignity, being humiliated, and the loss of his legal right to the peaceful security of his person.

WHEREFORE, Plaintiff demands a judgment for damages against Ramirez; and a trial by jury.

DATED this 30th day of July, 2015.

C/Phil Hall
Florida Bar No. 0621145
Keith Weidner
Florida Bar No. 0655651
Taylor, Warren & Weidner, P.A.
1823 N. 9th Ave
Pensacola, FL 32503
Tel:  850-438-4899
Fax:  850-438-4044
Attorneys for Plaintiff

Electronic mail address designations:

C Phil Hall
Primary: phall@twwlawfirm.com
Secondary: kstoltz@twwlawfirm.com

Keith Weidner
Primary: kweidner@twwlawfirm.com
Secondary: kstoltz@twwlawfirm.com

IN THE CIRCUIT COURT IN AND FOR SANTA ROSA COUNTY, FLORIDA

KENNETH BAILEY,

    Plaintiff,

vs.

Case No.: 15-634-CA

SHAWN T. SWINDELL, in his individual capacity;
MICHAEL RAMIREZ, in his individual capacity; and
WENDELL HALL, in his official capacity as
SHERIFF of SANTA ROSA COUNTY, FLORIDA

    Defendants.
_____/

## SUMMONS

THE STATE OF FLORIDA
TO EACH SHERIFF OF THE STATE: You are commanded to serve this Summons and a copy of the complaint in this lawsuit on the below named defendant.

    SHAWN T. SWINDELL
    5862 Quietwood Drive
    Milton, Florida 32583

Dated on 7-31-15

Donald C. Spencer
Clerk of the Circuit Court

By: _____
    Deputy Clerk

### Important

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court at this address: Santa Rosa County Clerk of Court; Post Office Box 472; Milton, Florida 32572

A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

C. Phil Hall
phall@twwlawfirm.com (Primary)
kstoltz@twwlawfirm.com (Secondary)

Taylor, Warren & Weidner, P.A.
1823 North 9 h Avenue
Pensacola, Florida 32503

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

C. Phil Hall
Taylor, Warren & Weidner, P.A.
1823 N. 9th Ave
Pensacola, FL 32503
Florida Bar No. 0621145

IN THE CIRCUIT COURT IN AND FOR SANTA ROSA COUNTY, FLORIDA

KENNETH BAILEY,

    Plaintiff,

vs.
                                Case No.: *15-634CA*

SHAWN T. SWINDELL, in his individual capacity;
MICHAEL RAMIREZ, in his individual capacity; and
WENDELL HALL, in his official capacity as
SHERIFF of SANTA ROSA COUNTY, FLORIDA

    Defendants.

_____/

## SUMMONS

THE STATE OF FLORIDA
TO EACH SHERIFF OF THE STATE:  You are commanded to serve this Summons and a copy of the complaint in this lawsuit on the below named defendant.

    MICHAEL RAMIERZ
    7035 Tylerwood Court
    Milton, Florida 32570

Dated on *7-31-15*

Donald C. Spencer
Clerk of the Circuit Court

By: _____
    · Deputy Clerk

## Important

A lawsuit has been filed against you.  You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court at this address: Santa Rosa County Clerk of Court; Post Office Box 472; Milton, Florida 32572

A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).  If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

C. Phil Hall
phall@twwlawfirm.com (Primary)
kstoltz@twwlawfirm.com (Secondary)

Taylor, Warren & Weidner, P.A.
1823 North 9ᵗʰ Avenue
Pensacola, Florida 32503

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

C. Phil Hall
Taylor, Warren & Weidner, P.A.
1823 N. 9th Ave
Pensacola, FL 32503
Florida Bar No. 0621145

IN THE CIRCUIT COURT IN AND FOR SANTA ROSA COUNTY, FLORIDA

KENNETH BAILEY,

    Plaintiff,

vs.

                              Case No.: _15-634-CA_

SHAWN T. SWINDELL, in his individual capacity;
MICHAEL RAMIREZ, in his individual capacity; and
WENDELL HALL, in his official capacity as
SHERIFF of SANTA ROSA COUNTY, FLORIDA

    Defendants.

_____/

## SUMMONS

THE STATE OF FLORIDA
TO EACH SHERIFF OF THE STATE: You are commanded to serve this Summons and a copy of the complaint in this lawsuit on the below named defendant.

    SHAWN T. SWINDELL
    5862 Quietwood Drive
    Milton, Florida 32583

Dated on _7-31-15_

Donald C. Spencer
Clerk of the Circuit Court

By: _____
        Deputy Clerk

### Important

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court at this address: Santa Rosa County Clerk of Court; Post Office Box 472; Milton, Florida 32572

A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

C. Phil Hall
phall@twwlawfirm.com (Primary)
kstoltz@twwlawfirm.com (Secondary)

Taylor, Warren & Weidner, P.A.
1823 North 9[h] Avenue
Pensacola, Florida 32503

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

C. Phil Hall
Taylor, Warren & Weidner, P.A.
1823 N. 9th Ave
Pensacola, FL 32503
Florida Bar No. 0621145

IN THE CIRCUIT COURT IN AND FOR SANTA ROSA COUNTY, FLORIDA

KENNETH BAILEY,

    Plaintiff,

vs.                         Case No.: *15-634CA*

SHAWN T. SWINDELL, in his individual capacity;
MICHAEL RAMIREZ, in his individual capacity; and
WENDELL HALL, in his official capacity as
SHERIFF of SANTA ROSA COUNTY, FLORIDA

    Defendants.

_____/

### SUMMONS

THE STATE OF FLORIDA.
TO EACH SHERIFF OF THE STATE: You are commanded to serve this Summons and a copy of the complaint in this lawsuit on the below named defendant.

    MICHAEL RAMIERZ
    7035 Tylerwood Court
    Milton, Florida 32570

Dated on *7-31-15*

Donald C. Spencer
Clerk of the Circuit Court

By: _____
        Deputy Clerk

### Important

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court at this address: Santa Rosa County Clerk of Court; Post Office Box 472; Milton, Florida 32572

A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

C. Phil Hall
phall@twwlawfirm.com (Primary)
kstoltz@twwlawfirm.com (Secondary)

Taylor, Warren & Weidner, P.A.
1823 North 9$^h$ Avenue
Pensacola, Florida 32503

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

C. Phil Hall
Taylor, Warren & Weidner, P.A.
1823 N. 9th Ave
Pensacola, FL 32503
Florida Bar No. 0621145

IN THE CIRCUIT COURT IN AND FOR SANTA ROSA COUNTY, FLORIDA

KENNETH BAILEY,

     Plaintiff,

vs.

                                        Case No.: _15-634CA_

SHAWN T. SWINDELL, in his individual capacity;
MICHAEL RAMIREZ, in his individual capacity; and
WENDELL HALL, in his official capacity as
SHERIFF of SANTA ROSA COUNTY, FLORIDA

     Defendants.

_____/

## SUMMONS

THE STATE OF FLORIDA
TO EACH SHERIFF OF THE STATE: You are commanded to serve this Summons and a copy of the complaint in this lawsuit on the below named defendant.

     WENDELL HALL, Sheriff of Santa Rosa County, Florida
     5755 E. Milton Road
     Milton FL 32583

Dated on _7-31-15_

Donald C. Spencer
Clerk of the Circuit Court

By: _____
                Deputy Clerk

### Important

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court at this address: Santa Rosa County Clerk of Court; Post Office Box 472; Milton, Florida 32572

A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

C. Phil Hall
phall@twwlawfirm.com (Primary)
kstoltz@twwlawfirm.com (Secondary)

Taylor, Warren & Weidner, P.A.
1823 North 9 h Avenue
Pensacola, Florida 32503

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

C. Phil Hall
Taylor, Warren & Weidner, P.A.
1823 N. 9th Ave
Pensacola, FL 32503
Florida Bar No. 0621145

IN THE CIRCUIT COURT IN AND FOR SANTA ROSA COUNTY, FLORIDA

KENNETH BAILEY,

      Plaintiff,

vs.                                 Case No.:

SHAWN T. SWINDELL, in his individual capacity;
MICHAEL RAMIREZ, in his individual capacity; and
WENDELL HALL, in his official capacity as
SHERIFF of SANTA ROSA COUNTY, FLORIDA

      Defendants.

_____/

## SUMMONS

THE STATE OF FLORIDA
TO EACH SHERIFF OF THE STATE: You are commanded to serve this Summons and a copy of the complaint in this lawsuit on the below named defendant.

      WENDELL HALL, Sheriff of Santa Rosa County, Florida
      5755 E. Milton Road
      Milton FL 32583

                              Dated on _____

                              Donald C. Spencer
                              Clerk of the Circuit Court

                              By: _____
                                  Deputy Clerk

## Important

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court at this address: Santa Rosa County Clerk of Court; Post Office Box 472; Milton, Florida 32572

A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

      C. Phil Hall                           Taylor, Warren & Weidner, P.A.
      phall@twwlawfirm.com (Primary)       1823 North 9ᵗʰ Avenue
      kstoltz@twwlawfirm.com (Secondary)    Pensacola, Florida 32503

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

C. Phil Hall
Taylor, Warren & Weidner, P.A.
1823 N. 9th Ave
Pensacola, FL 32503
Florida Bar No. 0621145

IN THE CIRCUIT COURT IN AND FOR SANTA ROSA COUNTY, FLORIDA

KENNETH BAILEY,

     Plaintiff,

vs.                                 Case No.:

SHAWN T. SWINDELL, in his individual capacity;
MICHAEL RAMIREZ, in his individual capacity; and
WENDELL HALL, in his official capacity as
SHERIFF of SANTA ROSA COUNTY, FLORIDA

     Defendants.

_____/

## SUMMONS

THE STATE OF FLORIDA
TO EACH SHERIFF OF THE STATE: You are commanded to serve this Summons and a copy of the complaint in this lawsuit on the below named defendant.

     MICHAEL RAMIERZ
     7035 Tylerwood Court
     Milton, Florida 32570

                    Dated on _____

                    Donald C. Spencer
                    Clerk of the Circuit Court

                    By: _____
                         Deputy Clerk

### Important

A lawsuit has been filed against you.  You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court at this address: Santa Rosa County Clerk of Court; Post Office Box 472; Milton, Florida 32572

A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).  If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

     C. Phil Hall                     Taylor, Warren & Weidner, P.A.
     phall@twwlawfirm.com (Primary)     1823 North 9 h Avenue
     kstoltz@twwlawfirm.com (Secondary)   Pensacola, Florida 32503

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

C. Phil Hall
Taylor, Warren & Weidner, P.A.
1823 N. 9th Ave
Pensacola, FL 32503
Florida Bar No. 0621145

IN THE CIRCUIT COURT IN AND FOR SANTA ROSA COUNTY, FLORIDA

KENNETH BAILEY,

     Plaintiff,

vs.                                    Case No.:

SHAWN T. SWINDELL, in his individual capacity;
MICHAEL RAMIREZ, in his individual capacity; and
WENDELL HALL, in his official capacity as
SHERIFF of SANTA ROSA COUNTY, FLORIDA

     Defendants.

_____/

## **SUMMONS**

THE STATE OF FLORIDA
TO EACH SHERIFF OF THE STATE: You are commanded to serve this Summons and a copy of the complaint in this lawsuit on the below named defendant.

     SHAWN T. SWINDELL
     5862 Quietwood Drive
     Milton, Florida 32583

                          Dated on _____.

                          Donald C. Spencer
                          Clerk of the Circuit Court

                          By: _____
                                     Deputy Clerk

### **Important**

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court at this address: Santa Rosa County Clerk of Court; Post Office Box 472; Milton, Florida 32572

A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

     C. Phil Hall                         Taylor, Warren & Weidner, P.A.
     phall@twwlawfirm.com (Primary)     1823 North 9th Avenue
     kstoltz@twwlawfirm.com (Secondary)   Pensacola, Florida 32503

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

C. Phil Hall
Taylor, Warren & Weidner, P.A.
1823 N. 9th Ave
Pensacola, FL 32503
Florida Bar No. 0621145

IN THE CIRCUIT COURT IN AND FOR SANTA ROSA COUNTY, FLORIDA

KENNETH BAILEY,

     Plaintiff,

vs.                              Case No.: 2015 CA 000634

SHAWN T. SWINDELL, in his individual
capacity; and
MICHAEL RAMIREZ, in his individual
capacity, AND
WENDELL HALL, in his official capacity as
SHERIFF of SANTA ROSA
COUNTY, FLORIDA

     Defendants.

_____/

## NOTICE OF APPEARANCE AS CO-COUNSEL FOR PLAINTIFF

     PLEASE TAKE NOTICE that Keith W. Weidner has appeared as co-counsel of record for Kenneth Bailey.  Please direct copies of all future pleadings and papers to the undersigned.

     DATED this 31th day of July, 2015.

                                   *s/ Keith W. Weidner*
                                   Keith Weidner
                                   Florida Bar No. 0655651
                                   Taylor, Warren & Weidner, P.A.
                                   1823 N. 9th Ave
                                   Pensacola, FL 32503
                                   Tel:  850-438-4899
                                   Fax:  850-438-4044
                                   Attorneys for Plaintiff
                                   Primary: kweidner@twwlawfirm.com
                                   Secondary: kstoltz@twwlawfirm.com




## SANTA ROSA COUNTY SHERIFFS OFFICE
## SANTA ROSA COUNTY, FLORIDA
# NON-ENFORCEABLE RETURN OF SERVICE

**Document Number:** SRSO15CIV004607NON                **Agency Number:**

**Court:** COUNTY
**County:** SANTA ROSA
**Case Number:** 15634CA

**Attorney/Agent:**
TAYLOR WARREN & WEIDNER PA

1823 NORTH NINTH AVE
PENSACOLA, FL 32503

**Plaintiff:**   KENNETH BAILEY
**Defendant:** SHAWN T SWINDELL, IN HIS INDIVIDUAL CAPACITY;
MICHAEL RAMIREZ, IN HIS INDIVIDUAL CAPACITY;
WENDELL HALL, IN HIS OFFICIAL CAPACITY AS
SHERIFF OF SANTA ROSA COUNTY

**Type of Process:** SUMMONS/COMPLAINT

SUBSTITUTE

Received the above named writ on 8/6/2015  at 1:09 PM to be served to HALL, WENDELL and served the same  at 8:30 AM on 8/10/2015, in Santa Rosa by delivering a true copy of the writ together with a copy of the initial pleadings, if any, to a designated supervisor or administrative employee at the witness' place of employment, to-wit: RUBY KELLEY after the provisions as set forth in Section 48.031 (4) (a), Florida Statues, have been met.

Wendell Hall, Sheriff
Santa Rosa

By: _____
J. PLATT,
Service Fee:     $120.00
Receipt No:     30545-15-D

DONALD C. SPENCER
CLERK OF COURT &
COMPTROLLER
2015 AUG 11  PM 1 54
SANTA ROSA COUNTY, FL
CC FILED

Printed By:  BBM

**ORIGINAL**

IN THE CIRCUIT COURT IN AND FOR SANTA ROSA COUNTY, FLORIDA

KENNETH BAILEY,

     Plaintiff,

vs.

                                 Case No.: *15-634CA*

SHAWN T. SWINDELL, in his individual capacity;
MICHAEL RAMIREZ, in his individual capacity; and
WENDELL HALL, in his official capacity as
SHERIFF of SANTA ROSA COUNTY, FLORIDA

     Defendants.

_____/

*[stamp at right: RECEIVED 2015 AUG -6 P 1:09 SANTA ROSA COUNTY SHERIFF'S OFFICE]*

## SUMMONS

THE STATE OF FLORIDA
TO EACH SHERIFF OF THE STATE:  You are commanded to serve this Summons and a copy of the complaint in this lawsuit on the below named defendant.

     WENDELL HALL, Sheriff of Santa Rosa County, Florida
     5755 E. Milton Road
     Milton FL 32583

Dated on _____7-31-15_____

Donald C. Spencer
Clerk of the Circuit Court

By: _____
     Deputy Clerk

*[seal: CIRCUIT COURT SANTA ROSA COUNTY, FL]*

## Important

A lawsuit has been filed against you.  You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court at this address: Santa Rosa County Clerk of Court; Post Office Box 472; Milton, Florida 32572

A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).  If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

C. Phil Hall
phall@twwlawfirm.com (Primary)
kstoltz@twwlawfirm.com (Secondary)

Taylor, Warren & Weidner, P.A.
1823 North 9th Avenue
Pensacola, Florida 32503

ORIGINAL

**IMPORTANTE**

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

**IMPORTANT**

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

C. Phil Hall
Taylor, Warren & Weidner, P.A.
1823 N. 9th Ave
Pensacola, FL 32503
Florida Bar No. 0621145




**SANTA ROSA COUNTY SHERIFFS OFFICE**
**SANTA ROSA COUNTY, FLORIDA**
# NON-ENFORCEABLE RETURN OF SERVICE

**Document Number:** SRSO15CIV004607NON          **Agency Number:**
**Court:** COUNTY
**County:** SANTA ROSA
**Case Number:** 15634CA

**Attorney/Agent:**
TAYLOR WARREN & WEIDNER PA

1823 NORTH NINTH AVE
PENSACOLA, FL 32503

**Plaintiff:**   KENNETH BAILEY
**Defendant:** SHAWN T SWINDELL, IN HIS INDIVIDUAL CAPACITY;
MICHAEL RAMIREZ, IN HIS INDIVIDUAL CAPACITY;
WENDELL HALL, IN HIS OFFICIAL CAPACITY AS
SHERIFF OF SANTA ROSA COUNTY

**Type of Process:** SUMMONS/COMPLAINT

INDIVIDUAL

Received the aboved named writ on 8/6/2015 at 1:09 PM and served the same at 2:52 PM on 8/7/2015 in Santa Rosa, by delivering to the within named a true copy of this Writ together with a copy of the initial pleading, if any, with the date and hour of service endorsed thereon by me to RAMIREZ, MICHAEL after the provisions as set forth in Section 48.031 (1)(a), Florida Statutes have been met.

Wendell Hall, Sheriff
Santa Rosa

By: _____
J. OAKS,

Service Fee:     $120.00
Receipt No:     30545-15-D

2015 AUG 11 PM 1 54
SANTA ROSA COUNTY, FL
CC FILED
DONALD C. SPENCER
CLERK OF COURT &
COMPTROLLER

Printed By:  BBM

# ORIGINAL

IN THE CIRCUIT COURT IN AND FOR SANTA ROSA COUNTY, FLORIDA

KENNETH BAILEY,

    Plaintiff,

vs.

    Case No.: 15-634CA

SHAWN T. SWINDELL, in his individual capacity;
MICHAEL RAMIREZ, in his individual capacity; and
WENDELL HALL, in his official capacity as
SHERIFF of SANTA ROSA COUNTY, FLORIDA

    Defendants.

RECEIVED
SANTA ROSA COUNTY
SHERIFF'S OFFICE
2015 AUG -6 P 1:0

## SUMMONS

THE STATE OF FLORIDA.
TO EACH SHERIFF OF THE STATE: You are commanded to serve this Summons and a copy of the complaint in this lawsuit on the below named defendant.

    MICHAEL RAMIERZ
    7035 Tylerwood Court
    Milton, Florida 32570

Dated on 7-31-15

Donald C. Spencer
Clerk of the Circuit Court

By: _____
    Deputy Clerk

## Important

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court at this address: Santa Rosa County Clerk of Court; Post Office Box 472; Milton, Florida 32572

A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

C. Phil Hall
phall@twwlawfirm.com (Primary)
kstoltz@twwlawfirm.com (Secondary)

Taylor, Warren & Weidner, P.A.
1823 North 9ᵗʰ Avenue
Pensacola, Florida 32503

ORIGINAL

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

C. Phil Hall
Taylor, Warren & Weidner, P.A.
1823 N. 9th Ave
Pensacola, FL 32503
Florida Bar No. 0621145




# SANTA ROSA COUNTY SHERIFFS OFFICE
## SANTA ROSA COUNTY, FLORIDA
# NON-ENFORCEABLE RETURN OF SERVICE

**Document Number:** SRSO15CIV004607NON      **Agency Number:**

**Court:** COUNTY
**County:** SANTA ROSA
**Case Number:** 15634CA

**Attorney/Agent:**
TAYLOR WARREN & WEIDNER PA

1823 NORTH NINTH AVE
PENSACOLA, FL 32503

**Plaintiff:** KENNETH BAILEY
**Defendant:** SHAWN T SWINDELL, IN HIS INDIVIDUAL CAPACITY;
MICHAEL RAMIREZ, IN HIS INDIVIDUAL CAPACITY;
WENDELL HALL, IN HIS OFFICIAL CAPACITY AS
SHERIFF OF SANTA ROSA COUNTY

**Type of Process:** SUMMONS/COMPLAINT

INDIVIDUAL

Received the aboved named writ on 8/6/2015 at 1:09 PM and served the same at 9:15 AM on 8/7/2015 in Santa Rosa, by delivering to the within named a true copy of this Writ together with a copy of the initial pleading, if any, with the date and hour of service endorsed thereon by me to SWINDELL, SHAWN T after the provisions as set forth in Section 48.031 (1)(a), Florida Statutes have been met.

Wendell Hall, Sheriff
Santa Rosa

By: _____
J. OAKS,

Service Fee: $120.00
Receipt No: 30545-15-D

IN THE CIRCUIT COURT IN AND FOR SANTA ROSA COUNTY, FLORIDA

KENNETH BAILEY,

    Plaintiff,

vs.

SHAWN T. SWINDELL, in his individual capacity;
MICHAEL RAMIREZ, in his individual capacity; and
WENDELL HALL, in his official capacity as
SHERIFF of SANTA ROSA COUNTY, FLORIDA

    Defendants.

Case No.: 15-634-CA

RECEIVED
SANTA ROSA COUNTY
SHERIFF'S OFFICE
2015 AUG -6 P 1:09

### SUMMONS

THE STATE OF FLORIDA
TO EACH SHERIFF OF THE STATE: You are commanded to serve this Summons and a copy of the
complaint in this lawsuit on the below named defendant.

    SHAWN T. SWINDELL
    5862 Quietwood Drive
    Milton, Florida 32583

Dated on _7-31-15_



Donald C. Spencer
Clerk of the Circuit Court

By: _____
    Deputy Clerk

### Important

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you
to file a written response to the attached complaint with the clerk of this court at this address:
Santa Rosa County Clerk of Court; Post Office Box 472; Milton, Florida 32572

A phone call will not protect you. Your written response, including the case number given above and
the names of the parties, must be filed if you want the court to hear your side of the case. If you do not
file your response on time, you may lose the case, and your wages, money, and property may
thereafter be taken without further warning from the court. There are other legal requirements. You may
want to call an attorney right away. If you do not know an attorney, you may call an attorney referral
service or a legal aid office (listed in the phone book). If you do not know an attorney, you may call an
attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written
response yourself, at the same time you file your written response to the court you must also mail or
take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

C. Phil Hall
phall@twwlawfirm.com (Primary)
kstoltz@twwlawfirm.com (Secondary)

Taylor, Warren & Weidner, P.A.
1823 North 9 h Avenue
Pensacola, Florida 32503

ORIGINAL

**IMPORTANTE**

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

**IMPORTANT**

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

C. Phil Hall
Taylor, Warren & Weidner, P.A.
1823 N. 9th Ave
Pensacola, FL 32503
Florida Bar No. 0621145