UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KENNETH BAILEY,

    Plaintiff,

v.                                                 Case No. 3:15cv390/MCR/CJK

SHAWN T. SWINDELL,

    Defendant.
_____/

## ORDER

Deputy Shawn T. Swindell has moved in limine for an order precluding Kenneth Bailey from introducing at trial the Findings and Recommended Disposition of the informal United States Air Force Physical Evaluation Board (the "Board"), which is a document referred to by the parties as the "MEB Report." *See* ECF No. 106-3. In brief, an informal physical evaluation board ("Informal PEB") is "a fact-finding body . . . tasked with investigating the nature, origin, degree of impairment, and probable permanence" of a service member's physical condition, *see Diaz-Laboy v. United States*, No. 1:10cv751, 2012 WL 1139749, at *2 (Fed. Cl. 2012), and with making "recommended findings" to the Secretary of the Air Force as to the service member's continued fitness for military service and his eligibility for disability compensation, *see Andrews v. United States*, 163 Ct. Cl. 126, 28 (Ct. Cl. 1963). An Informal PEB does not, itself, physically examine the service member

or hold an evidentiary hearing. *See Diaz-Laboy*, 2012 WL 1139749, at *2. Rather, it "considers only medical and personnel records, as well as other appropriate documentation." *See id.* In this case, the Board's findings and recommendations are memorialized in the so-called MEB Report. The parties agree that the MEB Report, itself, constitutes hearsay as that term is defined in Federal Rule of Evidence 801. The only dispute is whether the MEB Report is relevant and admissible under Rules 402, 403, and 803(8), the public records exception to the hearsay rule.

The Court first addresses the hearsay objection. Rule 803(8) allows into evidence, as a public record, otherwise inadmissible hearsay that is a "record or statement of a public office" setting forth the "factual findings from a legally authorized investigation," absent an affirmative showing of the document's untrustworthiness by the party opposing its admission. In this case, the Court finds that the MEB Report is a record of the United States Air Force setting forth the factual findings from a legally authorized investigation into Bailey's continued physical fitness to serve in the military.[1] As Deputy Swindell has failed to make an

---

[1] As explained by the United States Court of Federal Claims in *Diaz-Laboy*, 2012 WL 1139749, at *1,

> The secretary of each of the armed forces has been authorized since 1956 to retire or discharge with severance pay service members who are unfit to perform their military duties because of physical disability. 10 U.S.C. §§ 1201-1222. The Secretary of the Air Force has issued a number of regulations implementing these statutes. *See, e.g.*, Air Force Instruction ("AFI") 36-3212; AFI 41-210; AFI 48-123. These regulations establish the Air Force's Disability Evaluation System ("DES"), which is the process for determining whether service members are physical unfit for service. *See* AFI 36-3212 ¶ 1.1. That process entails review by

affirmative showing of the MEB Report's untrustworthiness, the Court finds the document is admissible under Rule 803(8).

This finding is not dispositive of the MEB Report's admissibility, however. Public records, even where otherwise admissible under Rule 803(8), may nonetheless be excluded in whole or in part if the trial court finds that they are either irrelevant under Rule 402, or more prejudicial than probative under Rule 403. *Hines v. Brandon Steel Decks, Inc.*, 886 F.2d 299, 302 (11th Cir. 1989). In this case, the Court needs additional information from the parties before deciding whether the MEB Report is admissible under Rules 402 and 403. For example, it is not apparent to the Court whether the factual findings and conclusions in the MEB Report—in particular, the Board's recommendation that Bailey be medically retired from the United States Air Force due to his neck pain and disc disease—are disputed facts of consequence in this case. *See* Fed. R. Evid. 401 ("Evidence is relevant if . . . it has [a] tendency to make a fact [of consequence in the action] more or less probable than it would be without the evidence."). If Deputy Swindell does not dispute that Bailey was medically discharged from the United States Air Force for these reasons, and, of course, if he agrees to a stipulation of those facts, then the MEB Report would be

---

(1) a medical evaluation board, (2) two physical evaluation boards, one informal the other formal . . . , and (3) the Secretary of the Air Force Personnel Council.

irrelevant and inadmissible under Rule 402. Absent such a stipulation, the MEB Report would, generally, be relevant and admissible under Rule 402.

That said, even if the MEB Report is ultimately deemed admissible under Rule 402, one sentence of the document must be excluded under Rule 403 because its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury.[2] This sentence reads as follows:

> The [service member's] neck pain [ ] began in 2014 after he was assaulted.

*See* ECF No. 106-3 at 3. This information presents the potential for significant unfair prejudice, confusion, and misleading of the jury with respect to the causation question presented in this case, as it may be incorrectly and unfairly perceived as an official statement by the United States Air Force that the law enforcement encounter at issue in this case was the cause of Bailey's injuries. Importantly, the causation question here was not the purpose or focus of the United States Air Force's

---

[2] The Court also finds a second sentence concerning, which reads: "[The service member] reports progressively worsening of his neck pain with tenderness on the right side that radiates into his right shoulder." *See* ECF No. 106-3 at 3. If Bailey reported this information to his treating physician, then it would be admissible under the hearsay exception for medical diagnosis and treatment. *See* Fed. R. Evid. 803(4). However, if Bailey reported this information to the Board as part of Informal PEB process, then the statement would not qualify for admission under Rule 803(4). Because the Board relies primarily on medical and personnel records, and does not, itself, convene evidentiary hearings, the Court is inclined to find that this statement is properly treated as one made by Bailey to his treating physician for purposes of medical diagnosis and treatment, which was then relied on by the Board in reaching its decision on Bailey's medical fitness and eligibility for disability benefits. However, the Court will hear argument on this issue during the attorney conference.

investigation. Therefore, the Board's cursory comment with respect to causation cannot fairly be used as evidence in this case.

To be sure, Bailey may, himself, testify about when his neck pain began. Moreover, Bailey's treating physicians may permissibly testify about any statements Bailey made for purposes of medical diagnosis and treatment, including statements as to symptoms and general causation, so long as the statements do not assign fault to a particular person. *See* Fed. R. Evid. 803(4); *United States v. Belfast*, 611 F.3d 783, 819 (11th Cir. 2010). But the Board's unsupported statement as to causation bears the imprimatur of the United States Air Force, which conveys an indicium of official reliability that may lead the jury to grant it undue weight, despite its marginal probative value on the causation question presented here. For these reasons, if the MEB Report is ultimately deemed admissible under Rule 402, this single sentence must be redacted before the document may be introduced at trial.

Accordingly, subject to the caveats discussed above, the Court **RESERVES RULING** on Deputy Swindell's motion in limine and will hear argument on this matter during the attorney conference on July 23, 2018.

**SO ORDERED**, on this 22nd day of July, 2018.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**