# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**KENNETH BAILEY,**

    **Plaintiff,**

**v.**                                       Case No. 3:15cv390/MCR/HTC

**SHAWN T. SWINDELL, in his individual capacity,**

    **Defendant.**

_____/

## ORDER

This Order addresses the Defendant Shawn T. Swindell's first motion in limine for the upcoming jury trial, beginning June 1, 2021. *See* ECF No. 233. Deputy Swindell moves to exclude any evidence or argument that: (1) there are unlawful detention and false arrest claims pending against Deputy Swindell; (2) Deputy Swindell lacked arguable reasonable suspicion to detain Bailey or arguable probable cause to arrest him; (3) Deputy Swindell is not entitled to qualified immunity; (4) Deputy Swindell used excessive force in arresting Bailey; and (5) Bailey is entitled to the damages sought in his original trial on the excessive force claim. In his view, an order excluding any reference to these issues is compelled by the Eleventh Circuit's decision reversing qualified immunity on Bailey's unlawful

arrest claim, the law-of-the-case doctrine, and Federal Rules of Evidence 401-403. On consideration, the motion will be granted in part and denied in part.

To begin with, there *are* false arrest (Fourth Amendment) and unlawful detention (state law) claims currently pending against Deputy Swindell. This Court previously granted summary judgment to Deputy Swindell on those claims on the basis of qualified immunity, and the Eleventh Circuit reversed and vacated that judgment. *See Bailey v. Swindell*, 940 F.3d 1295, 1303-04 (11th Cir. 2019). More specifically, the Eleventh Circuit expressly held—viewing the record in the light most favorable to Bailey—that Deputy Swindell was "not entitled to qualified immunity" because he "violated clearly established Fourth Amendment…protection[s] against unreasonable seizures when he arrested Bailey inside his home" without a warrant. *See id*. at 1303. With qualified immunity removed from the case (at this stage, at least), the "facts as viewed for summary judgment purposes are no longer binding" and the original claims are reinstated for a trial on the merits. *See Simmons v. Bradshaw*, 879 F.3d 1157, 1166 (11th Cir. 2018) ("[I]f the evidence at the summary judgment stage, viewed in the light most favorable to the plaintiff, shows there are facts that are inconsistent with qualified immunity being granted, the case and the qualified immunity issue along with it will proceed to trial."). Those claims are false arrest (Fourth Amendment) and unlawful detention (state law). *See* Complaint, ECF No. 3 at 14-15, 19. There is no discrete

"claim" for unlawful entry in this case. *See id*. Thus, Deputy Swindell's request to narrow the remaining claims is denied.

Regarding this Court's summary judgment findings on arguable reasonable suspicion to detain Bailey, and arguable probable cause to arrest him, the motion is also denied. The Eleventh Circuit did not reverse those findings on appeal (it simply assumed, without deciding, that probable cause existed); however, it did opine—again, viewing the record in the light most favorable to Bailey—that this Court "imputed more knowledge to" Deputy Swindell than was supported by the evidence. *See* ECF No. 192 at 4 n.2. It then remanded the case "for further proceedings consistent with this opinion." *See id*. at 16. Consistent with that opinion, the Court's arguable reasonable suspicion and arguable probable cause findings cannot stand because they are premised on a level of imputed knowledge that was expressly rejected by the Eleventh Circuit.

Even if the Eleventh Circuit had not explicitly referenced imputed knowledge, the result would be the same. Again, because Deputy Swindell's motion for summary judgment based on qualified immunity was unsuccessful, the "facts as viewed for summary judgment purposes are no longer binding, and the jury [must] find the relevant facts bearing on qualified immunity." *See Simmons*, 879 F.3d at 1164. In other words, factual findings made wholly within the qualified immunity construct at summary judgment do not survive. *See id*. And, necessarily, neither

can legal determinations premised on those factual findings, such as arguable reasonable suspicion and arguable probable cause, which do not exist independent of qualified immunity. *See Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1257 n.25 (11th Cir. 2010) ("Our precedent discussing 'arguable probable cause' does so in the specific context of . . . qualified immunity [from] § 1983 claims."); *Whittier v. Kobayashi*, 581 F.3d 1304, 1308 (11th Cir. 2009) (same regarding arguable reasonable suspicion). At this stage, the only law of this case with respect to qualified immunity is that established by the Eleventh Circuit; namely, that the doctrine was not supported by the summary judgment record.[1]

In any event, even if the summary judgment findings did survive the appeal *and* they could be somehow reconciled with the Eleventh Circuit's statements regarding imputed knowledge, the Court would reconsider and vacate them. *See Aldana v. Del Monte Fresh Produce N.A., Inc.*, 578 F.3d 1283, 1289 (11th Cir. 2009) ("[A] court's previous rulings may be reconsidered as long as the case remains within the jurisdiction of the district court."); *Robinson v. Parrish*, 720 F.2d 1548, 1550 (11th Cir. 1983) (stating that the law-of-the-case doctrine does not require a district court to "rigidly adhere to its own rulings in an earlier stage of a case" and

---

[1] *See Jackson v. State of Ala. State Tenure Comm'n*, 405 F.3d 1276, 1283 (11th Cir. 2005) ("Under the law of the case doctrine, both the district court and the appellate court are generally bound by a prior *appellate* decision of the same case. The law of the case doctrine, however, bars consideration of only those legal issues that were actually, or by necessary implication, decided in the former proceeding.").

that a "court may simply change its mind"). As already discussed, the Court's findings were made solely for qualified immunity and summary judgment purposes, and the Eleventh Circuit rejected qualified immunity as a matter of law. Consequently, the case will be properly returned to the posture it would have been in absent any of this Court's qualified immunity rulings at summary judgment. The jury will decide the disputed issues of fact related to Bailey's arrest and, on an appropriate motion, the Court will again consider the legal question of qualified immunity.[2]

With that said, neither side will be permitted to discuss or reference the issue of qualified immunity with the jury. "[I]t is not the province of the jury to decide a defendant's entitlement to qualified immunity." *Simmons v. Bradshaw*, 879 F.3d 1157, 1166 (11th Cir. 2018). Indeed, "the jury interrogatories should not even mention the term." *Id*. at 1164; *see also Ansley v. Heinrich*, 925 F.2d 1339, 1348 (11th Cir. 1991) ("[O]nce the defense of qualified immunity has been denied pretrial

---

[2] As the Eleventh Circuit has previously explained,

> If [a government official's motion for summary judgment on qualified immunity] does not succeed . . ., then his qualified immunity defense remains intact and proceeds to trial. The facts as viewed for summary judgment purposes are no longer binding, and the jury proceeds to find the relevant facts bearing on qualified immunity. At trial, the court uses the jury's factual findings to render its ultimate legal determination [on qualified immunity]. In other words, the question of what circumstances existed at the time of the encounter is a question of fact for the jury— but the question of whether the officer's perceptions and attendant actions were objectively reasonable under those circumstances is a question of law for the court.

*Simmons v. Bradshaw*, 879 F.3d 1157, 1164 (11th Cir. 2018).

due to disputed issues of material facts, the jury should determine the factual issues without any mention of qualified immunity."). Permissible evidence and argument before the jury is "restricted to the who-what-when-where-why type of historical fact issues" in this case, and the Court alone will decide qualified immunity. *See Simmons*, 879 F.3d at 1165. Therefore, Deputy Swindell's first motion is granted in part—there will be no references to qualified immunity at trial.

Finally, Deputy Swindell's motion with respect to excessive force and the damages sought in the original trial is granted in part and denied in part. In the original trial, the jury was instructed to accept that Bailey's arrest was lawful. *See* Original Jury Instructions, ECF No. 169 at 11, 19. That instruction, and the verdict that followed from it, was based on the Court's arguable reasonable suspicion and arguable probable cause determinations at summary judgment, which no longer stand. Thus, in this second trial, the jury will be required to determine whether Bailey's arrest was lawful. The outcome of that determination will govern how the original verdict on the excessive force claim impacts the second trial.

If the jury in the second trial finds that Bailey's arrest was lawful, then the original jury verdict precludes any recovery for the force used in effecting that lawful arrest. This is because, again, the first jury already found that, assuming a lawful arrest, no excessive force was used. That issue was clearly decided by the first jury, was not appealed, and is wholly separable from the remaining issues in this case;

therefore, it may not be reexamined by the second jury. *See* U.S. Const. amend. VII; *Sowers v. R.J. Reynolds Tobacco Co.*, 975 F.3d 1112, 1127-31 (11th Cir. 2020) (collecting cases involving Reexamination Clause of the Seventh Amendment).[3]

However, if the jury in the second trial concludes that Bailey's arrest was unlawful, then "any use of force to effectuate [that] arrest" would violate the Fourth Amendment. *See Turner v. Jones*, 415 F. App'x 196, 201 (11th Cir. 2011) (citing *Bashir v. Rockdale Cty., Ga.*, 445 F.3d 1323, 1331-33 (11th Cir. 2006). And Bailey will be entitled to pursue "damages for any injury, pain and suffering, and mental anguish caused by the force used to effect that false arrest, regardless of whether the force would have been reasonable or excessive had there been probable cause." *See id.* (citing *Williamson v. Mills*, 65 F.3d 155, 158-59 (11th Cir. 1995).

For these reasons, and because neither side timely moved for bifurcation of liability and damages, Bailey may offer evidence of his damages—including the damages sought in his original trial—in the second trial of this case. As explained, this evidence will only be considered by the second jury if they find that Bailey's arrest was unlawful.

---

[3] The Seventh Amendment provides, in full:

> In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law.

Accordingly, Deputy Swindell's first motion in limine, ECF No. 233, is

**GRANTED IN PART** and **DENIED IN PART**, as follows:

1. The motion is **GRANTED** with respect to references to qualified immunity. The parties, the parties' attorneys, and their respective witnesses are prohibited from mentioning this issue in the presence of the jury.

2. The motion is **DENIED** with respect to evidence and argument that Deputy Swindell used excessive force to effect an unlawful arrest of Bailey, including the damages sought in his original trial. However, Deputy Swindell may present evidence and argument that the arrest was lawful. The second jury will be instructed that if they find the arrest was lawful, they will not consider whether excessive force was used to effect it.

3. The motion is **DENIED** in all other respects.

**SO ORDERED**, on this 13th day of May, 2021.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**