UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KENNETH BAILEY,

    Plaintiff,                    CASE NO.: 3:15cv00390-MCR-CJK

v.

SHAWN T. SWINDELL,
in his individual capacity,

    Defendant.

_____/

## PLAINTIFF'S MOTION FOR A DETERMINATION OF PLAINTIFF'S ENTITLEMENT TO AN AWARD FOR ATTORNEYS' FEES

Pursuant to Rule 54.1 of the Local Rules of Civil Procedure for the United States District Court for the Northern District of Florida, and pursuant to, 42 U.S.C. § 1988 *et seq.*, Plaintiff moves this Court for a determination of Plaintiff's entitlement for an award for attorneys' fees.  In support, Plaintiff states:

### A. Procedural Background

1.    On June 4, 2021, following a three-day jury trial that commenced on June 1, 2021, a jury returned a verdict in favor of the Plaintiff, and against the Defendant, in the amount of $625,000.  The Court directed that judgment be entered consistent with the jury's verdict. (ECF Doc. 270).

2. On June 7, 2021, the Clerk entered a Final Judgment in favor of the Plaintiff. (ECF Doc. 276).

3. Rule 54.1(A) of the Local Rules of Civil Procedure for the United States District Court for the Northern District of Florida provides for a bifurcated procedure for a party seeking attorneys' fees.

4. A party who seeks an award of attorney's fees must first move for a determination of the party's entitlement to a fee award and may move for a determination of the amount of an award only after the Court determines the party's entitlement to an award. Local Rule 7.1, including the requirement for the attorneys to confer in a good-faith effort to resolve the dispute, applies in full.

5. The deadline for Plaintiff to move for a determination of an entitlement of attorneys' fees is fourteen (14) days after entry of that judgment or no later than June 21, 2021. *Id.* at Rule 54.1(B). Therefore, this motion is timely filed.

6. Plaintiff's lawsuit and the resulting judgment are based upon Defendant's deprivation, while acting under color of law, of Plaintiff's rights secured by the Fourth Amendment to the United States Constitution brought pursuant to 42 U.S.C.A. § 1983.

## B. Rule of Law

7.      In any action or proceeding to enforce a provision of 42 U.S.C. §1983, the court, in its discretion, may allow the prevailing party a reasonable attorney's fee as part of the costs. See 42 U.S.C. §1988, Civil Rights Attorney's Fees Act.

8.      The overriding purpose of this act is to encourage the private enforcement of civil rights laws in order to fully vindicate the federal rights involved. Sargeant v Harp, 579 F.2d 645, 645, 648 (1st Cir 1978) (citing to the legislative history where congress noted that fee awards are an integral part of the remedies necessary to obtain such compliance and if private citizens are to be able to assert their civil rights, and if those who violate the Nation's fundamental laws are not to proceed with impunity, then citizens must have the opportunity to recover what it costs them to vindicate these rights in court.).

9.      The Supreme Court held that under 42 U.S.C. § 1988 prevailing plaintiffs should ordinarily recover attorney's fees unless special circumstances would render such an award unjust. Newmanv Piggie Park Enters., 390 U.S. 400, 402, 88 S. Ct. 964, 966, 19 L.Ed. 2d 1263 (1968). Attorney's fees claimed by plaintiffs under 1988 should be granted unless there is a special reason compelling denial. Hensley v. Eckerhart, 461 U.S.

424, 429 (1983); <u>Boudreaux v. McArtor</u>, 3:14-CV-293/RV-EMT, 2017 WL 2058260, at *1 (N.D. Fla. Apr. 12, 2017)(unpublished opinion).

10.   To collect fees under the Act, the Plaintiff must be the prevailing party. A prevailing party is one who has succeeded on any significant claim affording it some of the relief sought. <u>Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.</u>, 489 U.S. 782, 791–92 (1989)(If the plaintiff has succeeded on any significant issue in litigation which achieved some of the benefit the parties sought in bringing suit, the plaintiff has crossed the threshold to a fee award of some kind).

C. <u>Legal Analysis</u>

11.   In the instant case, Plaintiff is clearly the prevailing party because he secured a judgment against Defendant on his claim for unlawful arrest in violation of the Fourth Amendment to the United States Constitution.

12.   The Plaintiff was also the prevailing party on appeal because he was able to revive his claim for unlawful arrest in violation of the Fourth Amendment.

13.   The judgment obtained by Plaintiff was for compensatory damages against Defendant, in his individual capacity, in the amount of $625,000.

14.    As such, Plaintiff is the prevailing party authorized to recover attorneys' fees pursuant to 42 U.S.C. §1988, Civil Rights Attorney's Fees Act.

15.    In accordance with Local Rule 54.1 and the law in this jurisdiction, Plaintiff respectfully submits that the Plaintiff is the prevailing party in this action and request the Court determine that Plaintiff is entitled to an award of attorney's fees.

**WHEREFORE**, Plaintiff respectfully requests that this Court determine that Plaintiff is entitled to attorneys' fees.

## CERTIFICATE OF COMPLIANCE WITH WORD LIMIT REQUIREMENT  OF LOCAL RULE 7.1(F)

Pursuant to Local Rule 7.1(F), the undersigned certifies that this memorandum contains 1040 words including headings, footnotes, and quotations, but not including the case style, signature block, or any certificate of service.  This is less than or equal to the 8,000-word limit provided in the Local Rules.

## CERTIFICATE OF ATTORNEY CONFERENCE

Pursuant to Local Rule 7.1(B), the undersigned asked Defendant their position regarding this Motion by way of an email to Joe Longfellow dated June 14, 2021. Defendant responded by email that they oppose the

requested relief because Defendant intends to challenge the verdict and final judgment by filing a motion for judgment as a matter of law, new trial, or appeal to the 11th Circuit .

## **<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on the 14th day of June 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system and that service will be accomplished by the CM/ECF system to all counsel of record.

*s/Keith Weidner*
Keith W. Weidner
Florida Bar No:  655651
Taylor, Warren, Weidner & Hancock, P.A.
1700 W. Main Street, Suite 100
Pensacola, FL 32502
Tel: 850-438-4899
Fax: 850-438-4044
Primary: kweidner@twwlawfirm.com
Secondary: salexander@twwlawfirm.com
*Attorneys for Plaintiff*