UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KENNETH BAILEY,

    Plaintiff,                       CASE NO.: 3:15cv00390-MCR-CJK

v.

SHAWN T. SWINDELL,
in his individual capacity,

    Defendant.
_____/

## PLAINTIFF'S RENEWED MOTION FOR A DETERMINATION OF ENTITLEMENT TO AN AWARD FOR ATTORNEYS' FEES

Pursuant to Rule 54.1 of the Local Rules of Civil Procedure for the United States District Court for the Northern District of Florida, and pursuant to 42 U.S.C. § 1988 *et seq.*, Plaintiff moves this Court for a determination of Plaintiff's entitlement for an award for attorneys' fees and costs.  In support, Plaintiff states:

### A. Procedural Background

1.    Plaintiff brought a 42 USC §1983 claim against Defendant Shawn T. Swindell for a violation of the Fourth Amendment to the United States Constitution of America.

2.    On June 4, 2021, a jury rendered a verdict finding Defendant Shawn T. Swindell deprived Kenneth Bailey of a constitutionally secured

right while acting under the color of law as a law enforcement officer in violation 42 USC §1983. (ECF Doc. 273). The jury awarded Kenneth Bailey $625,000 in damages to compensate him for the damages caused by the violation. *Id.* [1]

3.　The verdict, and judgment thereon, were vacated by this Court on December 4, 2021, when it granted Defendant's Motion for Judgment as a Matter of Law. (ECF Doc. 293).  This order was reversed by the circuit court.

4.　On March 15, 2024, judgment was reentered in favor of Bailey. (ECF Doc. 311). The judgment is against Shawn T Swindell and in favor of Kenneth Baily in the amount of $625,000.00. *Id*

5.　Kenneth Bailey secured a judgment against Defendant Swindell and vindicated his constitutionally protected rights under 42 USC § 1983.

6.　Rule 54.1(A) of the Local Rules of Civil Procedure for the United States District Court for the Northern District of Florida provides for a bifurcated procedure for a party seeking attorney's fees.

7.　Plaintiff hereby moves for an order from the Court determining entitlement to reasonable fees and cost under 42 USC § Section 19888.

---

[1] Plaintiff filed a motion for entitlement to fees within 14 days of the judgment. (ECF Doc. 6/14/2021).

8.	This motion is timely because it was filed within fourteen (14) days after entry of the March 15, 2024 judgment or no later than March 29, 2024. *Id.* at Rule 54.1(B).

## B. Rule of Law

9.	In any action or proceeding to enforce a provision of 42 U.S.C. §1983, the court, in its discretion, may allow the prevailing party a reasonable attorney's fee as part of the costs. *See* 42 U.S.C. §1988, Civil Rights Attorney's Fees Act.

10.	The overriding purpose of this act is to encourage the private enforcement of civil rights laws in order to vindicate the federal rights involved fully. *Sargeant v Harp*, 579 F.2d 645, 645, 648 (1st Cir 1978) (citing to the legislative history where congress noted that fee awards are an integral part of the remedies necessary to obtain such compliance and if private citizens are to be able to assert their civil rights, and if those who violate the Nation's fundamental laws are not to proceed with impunity, then citizens must have the opportunity to recover what it costs them to vindicate these rights in court.).

11.	The Supreme Court held that under 42 U.S.C. § 1988 prevailing plaintiffs should ordinarily recover attorney's fees unless special circumstances would render such an award unjust. *Newmanv Piggie Park*

3

*Enters.*, 390 U.S. 400, 402, 88 S. Ct. 964, 966, 19 L.Ed. 2d 1263 (1968). Attorney's fees claimed by plaintiffs under 1988 should be granted unless there is a special reason compelling denial. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983); *Boudreaux v. McArtor*, 3:14-CV-293/RV-EMT, 2017 WL 2058260, at *1 (N.D. Fla. Apr. 12, 2017)(unpublished opinion).

12.    The Court may also award reasonable litigation expenses beyond what is normally taxable. *Dowdell v. Apopka*, 698 F.2d 1181, 1189 (11th Cir. 1983)( Reasonable attorneys' fees under the Act must include reasonable expenses because attorneys' fees and expenses are inseparably intertwined as equally vital components of the costs of litigation). "In the Eleventh Circuit, in an action pursuant to 42 U.S.C. § 1983, where a reasonable attorney's fee is requested pursuant to § 1988, an award of expenses may exceed the statutory costs found in 28 U.S.C. § 1920 and 28 U.S.C. § 1821." *Lambert v. Herrington*, No. 19-00854, 2023 U.S. Dist. LEXIS 143178 (S.D. Ala. Aug. 16, 2023) (citing *Thompson v. Smith* 805 Fed. Appx. 893, 910 (11th Cir. 2020)). "With the exception of routine office overhead normally absorbed by the practicing attorney, all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs under § 1988." *ACLU of Georgia v. Barnes*, 168 F.3d 423, 438 (11th Cir.

1999). While "[t]he issue of which expenses are properly chargeable to the defendants under section 1988 is not settled by reference to any pre-determined list of items," the purpose of section 1988 "is to ensure the effective enforcement of civil rights laws, by making it financially feasible to litigate civil rights violations." *Dowdell v. Apopka*, 698 F.2d 1181, 1189 (11th Cir. 1983).

13.    To collect fees under the Act, the Plaintiff must be the prevailing party. A prevailing party is one who has succeeded on any significant claim, affording it some of the relief sought. *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791–92 (1989)(If the plaintiff has succeeded on any significant issue in litigation which achieved some of the benefits the parties sought in bringing suit, the plaintiff has crossed the threshold to a fee award of some kind).

## C. Legal Analysis

14.    In the instant case, Plaintiff is the prevailing party because he secured a judgment against Defendant on his §1983 claim for unlawful arrest in violation of the Fourth Amendment to the United States Constitution.

15.    The judgment obtained by Plaintiff was for compensatory damages against Defendant, in his individual capacity, in the amount of $625,000.

16.    As such, the Plaintiff is the prevailing party authorized to recover attorneys' fees pursuant to 42 U.S.C. §1988, Civil Rights Attorney's Fees Act.

17.    In accordance with Local Rule 54.1 and the law in this jurisdiction, the Plaintiff respectfully submits that he is the prevailing party in this action and requests that the Court determine that he is entitled to an award of attorney's fees. Plaintiff further moves for an Order determining that Plaintiff is entitled to recovery litigation costs beyond what is ordinarily taxable under 28 U.S.C. § 1920 and C. § 1821.

**WHEREFORE**, Plaintiff respectfully requests that this Court determine that Plaintiff is entitled to attorneys' fees and costs.

## CERTIFICATE OF COMPLIANCE WITH WORD LIMIT REQUIREMENT  OF LOCAL RULE 7.1(F)

Pursuant to Local Rule 7.1(F), the undersigned certifies that this memorandum contains 1285 words, including headings, footnotes, and quotations, but not including the case style, signature block, or any

certificate of service.  This is less than or equal to the 8,000-word limit provided in the Local Rules.

## CERTIFICATE OF ATTORNEY CONFERENCE

Pursuant to Local Rule 7.1(B), the undersigned conferred with Defense Counsel on March 28, 2024, wherein Defense Counsel advised the Defendant opposes Plaintiff's Motion as the Defendant is evaluating its appeal options.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 28th   day of March 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system and that service will be accomplished by the CM/ECF system to all counsel of record.

*s/Keith Weidner*
Keith W. Weidner
Florida Bar No:  655651
Taylor, Warren, Weidner & Hancock, P.A.
1700 W. Main Street, Suite 100
Pensacola, FL 32502
Tel: 850-438-4899
Fax: 850-438-4044
Primary: kweidner@twwlawfirm.com
Secondary: salexander@twwlawfirm.com
*Attorney for Plaintiff*