UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KENNETH BAILEY,

    Plaintiff,

v.                                       Case No. 3:15cv390-MCR-HTC

SHAWN T. SWINDELL,

    Defendant.
_____/

## ORDER

This is a civil rights lawsuit in which the Plaintiff prevailed at a jury trial and final judgment was entered in his favor. The Magistrate Judge issued a Report and Recommendation ("R&R"), ECF No. 358, recommending that Plaintiff Kenneth Bailey be awarded attorney fees totaling $759,745, plus $33,000 in non-taxable costs pursuant to 42 U.S.C. § 1988(b).[1] The parties have been furnished a copy of the R&R and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). Defendant Shawn Swindell timely filed objections, ECF No. 359, to which Bailey has responded, ECF No. 360. Having reviewed the objections *de novo*, the undersigned concludes that the R&R should be adopted.

---

[1] The Court previously found Bailey entitled to attorney fees as the prevailing party, and the parties have stipulated to the amount of non-taxable costs.

When a party properly and timely objects to a magistrate judge's R&R, the district court must review the disputed portions *de novo* and may accept, reject, or modify in whole or in part the magistrate judge's findings or recommendation. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); *see also LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) (stating the district court's obligation to conduct a *de novo* review of the record arises whenever there is a "timely and specific objection"). Portions of an R&R to which there is no objection are reviewed for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

This has been a lengthy suit to say the least. To briefly recap, in 2015, Bailey filed a state court complaint against Swindell, a deputy with the Santa Rosa County Sheriff's Office, alleging that Swindell had violated his Fourth Amendment rights by tackling him through the front door of his parents' home in order to effect his warrantless arrest. Bailey sought damages from Swindell individually on these facts for the use of excessive force and false arrest. Swindell removed the case to federal court and sought qualified immunity. He initially prevailed on qualified immunity for the false arrest claim, and Bailey lost at trial on the excessive force claim, but the Eleventh Circuit reversed the qualified immunity ruling on appeal and remanded for trial on the false arrest claim.[2] Bailey ultimately prevailed in full after a second

---

[2] *See Bailey v. Swindell*, 940 F.3d 1295 (11th Cir. 2019). Bailey did not appeal the adverse jury verdict.

Case No. 3:15cv390-MCR-HTC

trial, with the jury finding that the arrest was unlawful because no exigent circumstances justified Swindell's warrantless entry into the home and awarding Bailey $625,000 in compensatory damages. In post-trial proceedings, the Court concluded that it was not clearly established at the time of the warrantless entry that no exigent circumstance existed given the facts as determined by the jury and granted Swindell judgment as a matter of law on qualified immunity. ECF No. 293. In a second appeal, however, the Eleventh Circuit again disagreed and remanded with directions to reinstate the jury's verdict, and afterwards the Supreme Court denied Swindell's certiorari petition. *See Bailey v. Swindell*, 89 F.4th 1324 (11th Cir.), *cert. denied*, 145 S. Ct. 162 (2024). The undersigned reinstated the jury's verdict and denied Swindell's renewed request for a remittitur.

During those nine years of litigation, Bailey's counsel was put to the test at every turn, forced to grapple with complex, factually nuanced, and labor-intensive issues in two separate trials, post-trial proceedings, two separate appeals, and to respond to a cert petition before the Supreme Court to preserve his win. The Court concluded that Bailey was entitled to an award of fees as the prevailing party, ECF No. 335 (stating Bailey "ultimately prevailed in full on his Section 1983 claim that Swindell violated his Fourth Amendment rights by wrongfully arresting him inside the home without a warrant or exigent circumstances"), and referred the matter to the Magistrate Judge to determine a reasonable fee amount.

In an exhaustive and detailed report, the Magistrate Judge has carefully reviewed the fee request and addressed the issues and relevant factors necessary to determining a reasonable fee amount. She concluded that the hours billed were reasonable, recommended reducing the hourly rate requested for one appellate attorney, Margaret Kozan, from $650 to $500, and rejected Swindell's request for an across-the-board reduction.

Swindell objects, first taking issue with the hourly rate allowed for Ms. Kozan's appellate work, which he contends should have been further reduced to $350 to be consistent with the local market.[3] Swindell argues that the Magistrate Judge "primarily" cites cases in which the fee rate was not contested and that the rates awarded by Judge Walker in other cases within this District that reach $600 an hour are mere anomalies. These objections are non-starters. The Magistrate Judge did not "primarily" rely on awards that were undisputed, and in any event, it is fair game to include for comparison rates that were actually awarded in this District in cases involving comparable complexities and experienced attorneys. Furthermore, the undersigned does not agree that the higher rates awarded by Judge Walker in some recent cases (based on his thorough examination of the skill and experience of the attorney and particular complexities of the case) are somehow outliers with no

---

[3] Ms. Kozan's work in this case was billed from 2022 through 2024, and her regular rate at that time in Orlando, Florida, was $850 per hour. She voluntarily reduced her rate to $650 per hour for this case. Swindell's argument for a reduced rate of $300 was unreasonable.

Case No. 3:15cv390-MCR-HTC

weight in a Pensacola case. As Swindell acknowledged, the Pensacola local market stretches throughout the Florida panhandle for civil rights cases. The undersigned awarded an hourly rate of $400 in a complex case out of Pensacola back in 2015— 10 years ago; and as long as 9 years ago, an experienced local trial attorney who appears frequently throughout this District was awarded an hourly rate of $450.[4] As the R&R shows, some variability can be found among hourly rate awards, but the Magistrate Judge did not err by considering a broad range of fee awards entered throughout this District or in deciding that the particular circumstances here require a rate on the higher end. Notably, Ms. Kozen has over 25 years of experience, specializes in appellate litigation which proved critical in this case, and her work on this case was billed recently, from 2022 through 2024. The Magistrate Judge's careful consideration of the expert affidavits, comparable cases, as well as the factors set out in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974[5])—with which Swindell does not specifically take issue—is spot on. The undersigned agrees on *de novo* review and personal experience, *see Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (the court "is itself an expert on the question and may consider its own knowledge and experience

---

[4] *See Poppell v. City of Tallahassee*, No. 4:16cv61-RH/CAS, 2016 WL 11745556, at *3 (N.D. Fla. Dec. 28, 2016) ($450); *Mort. Now, Inc. v. Stone*, No. No. 3:09cv80/MCR/CJK, 2015 WL 868067 (Feb. 27, 2015) ($400).

[5] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*) (adopting the case law of the former Fifth Circuit before October 1, 1981, as precedent in this Circuit).

concerning reasonable and proper fees"), that a $500 hourly rate is more than fair and reasonable for Ms. Kozen's appellate work.

Swindell objects also to the Magistrate Judge's refusal to discount the hours spent by Bailey's trial attorneys in litigating the first trial, which ended in a verdict adverse to Bailey on the excessive force claim. The objection is overruled. Under § 1988, while work on an unsuccessful unrelated claim cannot be considered time "expended in pursuit of the ultimate result achieved," where the claims involve a "common core of facts" or "related legal theories," the district court should "focus on the significance of the overall relief obtained in relation to the hours reasonably expended on the litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). The Magistrate Judge correctly recognized that the claims involved the same core set of facts. ECF No. 358 at 8–9. The legal theories were also related and overlapped, such that any force used in effecting a false arrest is excessive as a matter of law and subsumed within the false arrest claim. *See Khoury v. Miami-Dade Cnty. Sch. Bd.*, 4 F.4th 1118, 1130 (11th Cir. 2021). The first trial result was therefore effectively mooted by the second jury's verdict awarding damages for the use of force in effecting a false arrest—an overall excellent result. The Court finds no basis for apportioning the fee award based on a hyper-technical view that Bailey failed to prevail in the first trial when that claim was ultimately subsumed within the false arrest claim on which he fully prevailed in the second trial. *See Bailey v. Swindell*,

89 F.4th 1324, 1332 n.6 (11th Cir. 2024) (reinstating the verdict and stating, "Swindell might not be liable for the excessive force claim, but he is liable for any and all reasonably foreseeable damages caused by his unlawful entry), *cert. denied*, 145 S. Ct. 162 (2024).

Swindell's final objection is that the claimed hours remain excessive across the board and should be reduced by 30% for trial counsel and 50% for Ms. Kozen. Swindell incorporates by reference the reductions he proposed in his Response, ECF No. 356, which the Magistrate Judge carefully addressed and rejected in her 46-page R&R. Swindell merely rehashes the very same arguments presented to the Magistrate Judge and disagrees with her conclusions but identifies no error of fact or law. Even on *de novo* review, the undersigned finds no error and agrees that the amount claimed overall for 9 years of litigation, two trials, and two appeals, as well as various pretrial and post-trial disputes, is reasonable such that no across-the-board reduction is justified.

Accordingly, it is now **ORDERED** as follows:

1. The Magistrate Judge's Report and Recommendation (ECF No. 358) is adopted and incorporated by reference in this Order.

2. Plaintiff Kenneth Bailey's motion for attorney's fees (ECF No. 350) is **GRANTED** to the extent that he is awarded $759,745 in attorney's fees and $33,000

in non-taxable costs.

**DONE AND ORDERED** this 3rd day of September 2025.

s/ *M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**